**B.V. OPTISCHE INDUSTRIE DE OUDE DELFT, Oldelft N.V., and Oldelft Corporation of America, Plaintiffs,**

v.

**HOLOGIC, INC. and the University of Rochester, Defendants.**

No. 95 Civ. 0539 (PKL).

United States District Court, S.D. New York.

April 29, 1996.

Thomas V. Heyman, Jones Day Reavis & Pogue, New York City and Claire Ann Koegler, Law Office of C.A. Koegler, W. Orange, NJ, for plaintiffs.

M. Frederick Pritzker, Marilyn D. Stempler and James W. Stoll, Brown, Rudnick, Freed & Gesmer, Boston, MA, Constance S. Huttner, Skadden, Arps, Slate, Meagher & Flom, N.Y. City, for defendant Hologic, Inc.

David M. Schraver, Carolyn G. Nussbaum, Nixon, Hargrave, Devans & Doyle, Rochester, NY, for defendant, the University of Rochester.

### MEMORANDUM ORDER

LEISURE, District Judge:

In this action, plaintiffs allege that defendants violated (1) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), *see* 18 U.S.C. §§ 1961–68, and (2) section 2 of the Sherman Act. *See* 15 U.S.C. § 2. In addition, plaintiffs seek a declaratory judgment, *see* 28 U.S.C. § 2201, that two United States patents originally obtained by defendant Hologic are invalid and unenforceable. On December 14, 1995, this Court issued an Opinion and Order (the "Order") which granted, without prejudice, defendants motion to dismiss plaintiffs' complaint in its entirety pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs have filed an amended complaint, but concede that their RICO cause of action, based upon the analysis offered by the Court in its Order, fails to state a claim upon which relief can be granted. Because they believe that the Court made an error of law in dismissing their RICO claim, plaintiffs now move, pursuant to Local Civil Rule 3(j), for reconsideration of the Court's holding that "[i]n alleging mail or wire fraud as predicate acts in a civil RICO complaint, it is necessary to allege that the injured party relied on the fraudulent misrepresentations of the defendant, and that the reliance was the cause of the injury." *B.V. Optische Industrie de Oude Delft v. Hologic, Inc.*, 909 F.Supp. 162, 170 (S.D.N.Y.

1995). If the Court denies their motion for reconsideration, as an alternative plaintiffs request certification of the Order for appellate review pursuant to 28 U.S.C. § 1292(b). For the reasons stated below, plaintiffs' motion for reconsideration is denied, and plaintiffs' motion for § 1292(b) certification is denied.

### BACKGROUND

The Court will assume familiarity with the background of this action based upon the earlier Order issued in this case. *See B.V. Optische*, 909 F.Supp. at 166–67. For present purposes, it is sufficient to state that plaintiffs allege that "defendants created and directed an enterprise which engaged in a scheme to defraud the United States Patent and Trademark Office ("PTO") to obtain patents on the same inventions as patents owned by [one of the plaintiffs]." Plaintiffs' Memorandum · of Law in Support of Motion for Reconsideration at 2. These allegedly fraudulent activities were conducted through the mails and over the wires, and therefore, according to plaintiffs, constitute RICO predicate acts of mail and wire fraud. Plaintiffs acknowledge that the fraudulent activities were perpetrated on a third party, the PTO, and not them, yet maintain that because RICO does not require that the injured party necessarily rely on the fraud, but rather only requires that the fraud be the proximate cause of the injury, defendants' activities before the PTO are predicate acts. In other words, plaintiffs reject the so-called "convergence" theory of reliance in RICO, which requires that the party defrauded and the party injured be the same party.

### DISCUSSION

*I. Motion for Reconsideration*

█ The standard for granting a motion for reconsideration is strict, and such a motion will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Therefore, for the instant motion to prevail, plaintiffs must

point to controlling authority which rejects the convergence theory of reliance.

 Of all of the cases cited by plaintiffs in their papers in support of the instant motion, only the decision of the Court of Appeals for the Second Circuit in *County of Suffolk v. Long Island Lighting Co.,* ("*LILCO*"), 907 F.2d 1295, 1311 (2d Cir. 1990), is possibly "controlling" authority. While it is true that in *LILCO* the Second Circuit did indicate that fraudulent misrepresentations relied upon by a third party which caused injury to the plaintiff may constitute predicate acts of mail fraud for civil RICO purposes, for three reasons the Court does not find the *LILCO* decision to be controlling authority in this Circuit. First, the Second Circuit in *LILCO* dismissed the RICO claim before it by finding that there was an insufficient causal nexus between the defendant's conduct and the plaintiff's injury. *See id.* at 1312. Therefore, the discussion of reliance in *LILCO,* which never specifically addressed the question of whether convergence is a requirement, is *dicta.* Second, in *United States v. Eisen,* 974 F.2d 246 (2d Cir.1992), *cert. denied,* 507 U.S. 1029, 113 S.Ct. 1840, 123 L.Ed.2d 467 (1993), a criminal mail fraud case decided after *LILCO,* the Second Circuit specifically stated that the validity of the convergence theory in this Circuit was still an open question. *See id.* at 253; *see also Barr Lab., Inc. v. Quantum Pharmics, Inc.,* 827 F.Supp. 111, 115 (E.D.N.Y.1993) (discussing openness of issue). Finally, in an earlier criminal case, the Second Circuit suggested in *dicta* that in order for a violation of the federal mail or wire fraud statutes to occur, which is necessary in order for acts of mail and wire fraud to be predicate acts for civil RICO purposes, the party deceived by a defendant must also be a party deprived of either money or property. *See United States v. Evans,* 844 F.2d 36, 38–40 (2d Cir.1988).[1] Therefore, the motion for reconsideration is denied.

**1.** The Court is aware that one of its earlier decision is inconsistent with its present holding. *See In re American Express Shareholder Litigation,* 840 F.Supp. 260, 266 (S.D.N.Y.1993). The Court rejects its prior decision with respect to this issue. Similarly, the Court is also aware of the

## II. *Interlocutory Review*

 Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory review if it finds that the order "involves a controlling question of law as to which there is substantial difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Because the Court does not find that an immediate appeal of its Order will materially advance the ultimate termination of this litigation, plaintiffs' motion is denied.

## CONCLUSION

For the reasons stated above, plaintiffs' motions for reconsideration and for appellate review are HEREBY DENIED.

**SO ORDERED.**

district court cases within this District, as well as cases from other circuits, which disagree with the Court's instant holding, and rejects the holdings of those cases to the extent they disagree with this Court's Order.