**Ralph M. PURDY, Plaintiff,**

v.

**TOWN OF GREENBURGH, Paul J. Feiner, Individually and as Supervisor of the Town of Greenburgh, and John Kapica, Individually and as Chief of Police of the Town of Greenburgh Police Department, Defendants.**

No. 00 CIV 4363(WCC).

United States District Court, S.D. New York.

Jan. 2, 2002.

Law Offices of Thomas P. Halley (Thomas P. Halley, Esq., Of Counsel), Poughkeepsie, NY, for Plaintiff.

Traub Eglin Lieberman Straus (Mario Castellitto, Esq., Of Counsel), Hawthorne, NY, for Defendants.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Defendants Town of Greenburgh (the "Town"), Paul J. Feiner and John A. Kapica move for reconsideration of this Court's September 26, 2001 Opinion and Order denying with prejudice, *inter alia,* defendants' motion for summary judgment as to plaintiff's claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") and the New York State Human Rights Law, Exec. Law. § 296 et seq. ("NYHRL") and plaintiff's municipal liability claim under 42 U.S.C. § 1983. *See Purdy v. Town of*

*Greenburgh,* 166 F.Supp.2d 850 (S.D.N.Y. 2001) (*"Purdy I"*). Familiarity with the facts and holdings of that opinion are presumed. For the reasons that follow, the Court grants defendants' motion for reconsideration to the extent that we have reconsidered and modified our original decision in the respects specified hereinafter.

### DISCUSSION

#### I. *Motion for Reconsideration Standard*

■ A motion for reconsideration is governed by Local Rule 6.3 [1] and should be granted only where the moving party demonstrates that the court overlooked "controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court." *In re: Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.,* MDL No. 1358, 2001 WL 1042051, at *1 (S.D.N.Y. Sept. 7, 2001) (quotation and citation omitted). In the Second Circuit, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied." *Shrader v. CSX Transp. Inc.,* 70 F.3d 255, 257 (2d Cir.1995). Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments." *E. Armata Inc. v. David Lee's Produce Serv. Corp.,* No. 99 Civ.2042, 2001 WL 1287006, at *1 (S.D.N.Y. Oct. 24, 2001) (quotation omitted).

In *Purdy I,* we ruled that plaintiff presented evidence sufficient to raise a genuine issue of fact as to plaintiff's age discrimination claims and denied defendants' summary judgment motion. *See Purdy I,*

---

**1.** Local Rule 6.3 states, in relevant part:

A notice of motion for reconsideration of reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.

166 F.Supp.2d at 867. This ruling was based in part upon a finding that plaintiff "submitted statistical evidence sufficient to create a triable factual issue as to whether an inference of discrimination may be drawn." *Id.* at 865. This Court also denied defendants' motion to dismiss plaintiff's 42 U.S.C. § 1983 claim against the Town because plaintiff established municipal liability. *See id.* at 871. In their motion for reconsideration, defendants challenge both of these rulings. After reviewing the motion, we conclude that while defendants fail to state adequate grounds for reconsideration of this Court's ruling on plaintiff's ADEA and NYHRL claims, defendants do raise factual issues that permit reconsideration of the § 1983 municipal liability claim.

## II. *ADEA and NYHRL Claims*

■ Defendants rely heavily on *Fisher v. Vassar Coll.*, 70 F.3d 1420 (2d Cir.1995) to argue that the statistical evidence presented was insufficient to sustain plaintiff's *prima facie* case of age discrimination. However, our opinion in *Purdy I* is not in conflict with *Fisher*. In *Fisher*, the Second Circuit reversed the district court's finding of age discrimination based upon a table listing eight tenured faculty members who were younger than the plaintiff. *Id.* at 1451. The court ruled that the table "[did] not amount to proof sufficient to support a finding of discrimination under the ADEA . . . [and that plaintiff] has only shown that she was the oldest candidate." *Id.* In *Purdy I*, the statistical evidence presented was far more substantial. Most importantly, however, is the fact that in *Fisher*, the Second Circuit was reviewing a finding of discrimination by the trial court after a bench trial. *Id.* at 1426. In *Purdy I*, on the other hand, the only issue was whether the statistical evidence was sufficient to establish an inference of discrimination so as to survive summary judgment.

While the evidence may indeed be insufficient to carry plaintiff's ultimate burden, we affirm our decision that it is sufficient to raise an issue of fact. *See id.* at 1450 ("[W]e conclude that plaintiff sufficiently set forth a prima facie claim of age discrimination. Nevertheless, we find that the evidence presented to the district court was ultimately insufficient to support plaintiff's ADEA claim.").

In the alternative, defendants argue that plaintiff's statistical evidence was inadmissible and was improperly considered in *Purdy I*. Federal Rule of Civil Procedure 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify as to the matter stated therein." In his affidavit in opposition to the motion for summary judgment, plaintiff stated that

> I began to inquire as to the Civil Service scores and ages of the individuals who had been appointed to the Town of Greenburgh. I noted, upon investigation, that their Civil Service scores were usually lower than mine and that they were, in any case, significantly younger than me. Copies of the documents indicating the lower Civil Service scores and ages are annexed hereto, made a part hereof and designated Exhibit F. I have marked alongside several names the date of their hire with the Town of Greenburgh and their age. The Westchester County Personnel Department would not give me the exact birth dates for each of these individuals, only their year of birth, which I have correspondingly marked.

(Purdy Aff. ¶ 15.) We conclude, based on this affirmation and the attached exhibits, that the statistical evidence was properly considered in *Purdy I*. The clear implica-

tion is that the attached report originated from the Town and the Westchester County Personnel Department ("WCPD") and was created in the regular course of their business. Furthermore, plaintiff made the handwritten notations indicating the ages of the various applicants based upon information supplied to him by the WCPD. It thus appears that evidence is available to establish that Exhibit F is admissible as a business or public record under FED. R. EVID. 803(6), (8). Accordingly, defendants' motion to reconsider our prior decision with respect to plaintiff's ADEA and NYHRL age discrimination claims is denied.

### III. Ground for Reconsideration

 In *Purdy I*, defendants argued that plaintiff's § 1983 claim against the Town must be dismissed because plaintiff could not establish municipal liability. We held that

> [p]laintiff does not allege, and the record does not permit, a finding that the hiring decision was made pursuant to official policy or custom. Furthermore, plaintiff has failed to meet his burden of establishing that Kapica was "responsible under state law for making policy in that area of the [municipality's] business." As Chief of Police, Kapica had authority only to recommend an applicant to the [Town] Board. The Board made the actual appointment. That Kapica had discretion in deciding whom to recommend does not establish that he was the final government policymaker. Because plaintiff has submitted no evidence for a basis for an official capacity claim against Kapica, that claim is dismissed. However, although Kapica was not the policy maker on this decision, the Board was and its action is properly considered to be that of the Town. Accordingly, the motion to dismiss [the] § 1983 claim against the Town is denied.

*Purdy I*, 166 F.Supp.2d at 871 (citations omitted).

In reaching this decision, we relied on defendants' statement of undisputed facts, which stated, in pertinent part, that "[a]s Chief of Police, Chief Kapica has authority to make final recommendations for the appointment of applicants to the position of police officer of the Town of Greenburgh Police Department ("GPD"). Actual appointments are made by vote of the Town Board (the "Board") after recommendations for appointment are made by Chief Kapica." (Defs. Rule 56.1 Stmt. ¶ 35.) As we initially interpreted this statement, Kapica made recommendations to the Board, favorable or otherwise, for appointments to the GPD, after which the Board made the final determinations. However, in their memorandum in support of the instant motion, defendants explain that because Kapica

> did not recommend plaintiff's application to the Board for approval ... the Board ... took no action with respect to plaintiff's application. The undisputed facts demonstrate that the Board only votes with respect to candidates that are actually recommended. Candidates like [plaintiff] that are not recommended for appointment by Chief Kapica, are never submitted to the Town Board for approval. Thus, the Board took no action with respect to Purdy: a fact he does not dispute.

(Defs. Mem. Supp. Mot. Recons. at 9.) Because we find either interpretation reasonable, we do not fault defendants for failing to put forth the relevant facts in the underlying motion, and will in our discretion reconsider the prior decision in light of our new factual understanding.

### A. Municipal Liability Under § 1983

 Defendants argue that plaintiff's § 1983 claim against the Town must be

dismissed because plaintiff cannot establish municipal liability. "A municipality may not be held liable in an action under § 1983 for actions alleged to be unconstitutional by its employees below the policymaking level solely on the basis of *respondeat superior.*" *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995) (citing *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Nonetheless, a § 1983 claim may be brought against a municipality where a "policy or custom" of the municipality deprived the plaintiff of his constitutional rights. *See id.* at 690–91, 98 S.Ct. 2018. To establish municipal liability, a plaintiff must show that an identified municipal policy or practice was the "moving force [behind] the constitutional violation." *Id.* at 694, 98 S.Ct. 2018. Furthermore, "there must be proof of such a custom or policy in order to permit recovery on claims against individual municipal employees in their official capacities, since such claims are tantamount to claims against the municipality itself." *Dwares v. City of New York,* 985 F.2d 94, 100 (2d Cir.1993) (citing *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991)).

 Where no municipal policy exists, "liability may nonetheless arise from 'a course of action tailored to a particular situation' by a municipal decision maker, provided that 'the decision maker possesses final authority to establish municipal policy with respect to the action ordered.' " *Legal Aid Soc'y v. City of New York,* 114 F.Supp.2d 204, 231 (S.D.N.Y.2000) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). As the Second Circuit recently explained:

> Where the contention is not that the actions complained of were taken pursuant to a local policy that was formally adopted or ratified but rather … were taken or caused by an official whose actions represent official policy, the court must determine whether that official had final policymaking authority in the particular area involved. It does not suffice for these purposes that the official has been granted discretion in the performance of his duties. Only those municipal officials who have final policymaking authority may by their actions subject the government to § 1983 liability.
>
> Whether the official in question possessed final policymaking authority is a legal question, which is to be answered on the basis of state law. The relevant legal materials[ ] include state and local positive law, as well as custom or usage having the force of law. The matter of whether the official is a final policymaker under state law is to be resolved by the trial judge before the case is submitted to the jury.
>
> [Moreover], the official in question need not be a municipal policymaker for all purposes. Rather, with respect to the conduct challenged, he must be responsible under state law for making policy in that area of the municipality's business. Thus, the court must ask whether the governmental official is a final policymaker for the local government in a particular area, or on the particular issue involved in the action.

*Jeffes v. Barnes,* 208 F.3d 49, 57 (2d Cir.) (internal citations, alterations and quotation marks omitted), *cert. denied,* 531 U.S. 813, 121 S.Ct. 47, 148 L.Ed.2d 16 (2000). Where, as here, the plaintiff does not rely on a formal policy, the burden of showing that an official is the final policymaker in a given area rests on the plaintiff. *See id.* at 57–58.

 Defendants assert, and plaintiff does not deny, that the "Board only

votes with respect to candidates that are actually recommended" by the Chief of Police. (Defs. Mem. Supp. Mot. Recons. at 9.) Accordingly, there is no dispute that Kapica had final and incontestable policy-making authority at least with respect to the denial of recommendations for appointment to the GPD. As a result, when Kapica decided not to recommend plaintiff for appointment, he was the final policymaker and his action is properly considered that of the Town. Upon reconsideration, we therefore reaffirm our ruling in *Purdy I* denying defendants' motion for summary judgment as to plaintiff's § 1983 claims against the Town and amend our prior ruling to reflect that defendants' motion for summary judgment dismissing plaintiff's § 1983 claim against Kapica in his official capacity is denied with prejudice.

## CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration is granted to the extent that we have reconsidered our decision in *Purdy I* and reaffirm our denial of defendants' motions for summary judgment as to plaintiff's ADEA and NYHRL claims. We similarly reaffirm our decision denying to dismiss plaintiff's § 1983 claim against the Town. However, we amend *Purdy I* to reflect that defendants' motion for summary judgment dismissing the § 1983 claim against Kapica in his official capacity is denied with prejudice.

SO ORDERED.