**Theodore ROZSA, Plaintiff-Appellant,**

v.

**SG COWEN SECURITIES CORP., Defendant-Appellee,**

**May Davis Group, Inc. and Carl Corley, Defendants–Cross Claimants,**

**Thomas Baribeau, Defendant–Cross–Defendant.**

No. 05–1437.

United States Court of Appeals, Second Circuit.

Jan. 24, 2006.

Benjamin Zelermyer, White Plains, NY (Robert J. Poulson, Cooperstown, NY, on the brief), for Appellant.

Stephen L. Ratner, Proskauer Rose LLP, New York, NY (Andrew W. Sidman, David J. Kobowsky, Nikolas S. Komyati, Bressler, Amery & Ross, P.C., New York, NY; David A. Picon, John R. Braatz, Proskauer Rose LLP, New York, NY, on the brief), for Appellee.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Plaintiff Theodore Rozsa filed this action after allegedly having been swindled out of five million dollars by scam artist Thomas Baribeau. The District Court dismissed plaintiff's claims against SG Cowen Securities Corp. ("SGC"), and plaintiff brought this appeal. We assume the parties' famil-

iarity with the underlying facts and procedural history.

In 1999, Baribeau created the Aid for Humanity and Benevolence Foundation (the "Foundation"), which maintained an account with May Davis Group, Inc. ("MDG"); that account was managed by SGC. Baribeau convinced Rozsa to wire $5 million into a "sub account" of the Foundation on the understanding that Rozsa would be the recorded and beneficial owner of the funds and the sole signatory on the "sub account." Baribeau informed Rozsa that the $5 million would be invested in money market funds absent other direction from Rozsa, but that Baribeau would use the money as proof of funds in order to engage in "virtually riskless 'program trading'" in foreign bank instruments. That trading would purportedly yield profits of 15% per trade that Baribeau would split with Rozsa.

Around December 14, 1999, MDG submitted forms that had been completed by Rozsa to SGC for the creation of a "sub account" into which Rozsa intended to deposit $5 million. On December 16, 1999, an unnamed agent of SGC informed MDG that SGC would not open any such "sub account" and that Rozsa's funds should be deposited into the Foundation's account at SGC with the notation that the funds were for the benefit of Rozsa. MDG passed that instruction along to Rozsa, who caused a $ 5 million wire transfer into an account at the Bank of New York in SGC's name with the following notation: "Ref: May Davis Group, for further credit to: Aid for Humanity and Benevolence Foundation, a/c HM 10585711 FOR THE BENEFIT OF: Mr. Theodore Rozsa." In February 2000, Baribeau submitted forms to SGC on behalf of the Foundation that provided him signatory authority over the account. Within a month, Rozsa's $5 million had been removed from the account.

Rozsa filed suit against Baribeau, MDG, Carl Corley (an employee of MDG), and SGC, alleging that Baribeau, MDG and Corley had violated the Racketeering Influenced and Corrupt Organizations Act, that all defendants had breached fiduciary duties owed to Rozsa, that MDG and SGC breached contracts and that all defendants converted Rozsa's funds. SGC brought a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which the District Court granted with leave to replead. *See Rozsa v. May Davis Group, Inc.*, 152 F.Supp.2d 526, 534 (S.D.N.Y.2001). Rozsa submitted his first amended complaint ("FAC"), which SGC moved to dismiss. The District Court granted that motion with prejudice. *See Rozsa v. May Davis Group, Inc.*, 187 F.Supp.2d 123, 132 (S.D.N.Y.2002). Thereafter, Rozsa moved for reconsideration of the District Court's decision and for leave to submit a second amended complaint; the District Court denied those motions. *See Rozsa v. May Davis Group, Inc.*, No. 01 Civ. 2622, 2002 WL 1684368, at *1–2 (S.D.N.Y. July 24, 2002). Rozsa subsequently obtained a default judgment against Baribeau, dismissed the remaining claims and brought this appeal.

In granting the motion to dismiss the FAC's claims against SGC, the District Court concluded that as a clearing broker, SGC owed no fiduciary duty to Rozsa. *See Rozsa*, 187 F.Supp.2d at 129–30. The District Court also determined that the allegations in the FAC did not establish that SGC ever entered into a contractual relationship with MDG pursuant to which Rozsa was an intended beneficiary, nor did Rozsa proffer any allegations suggesting that MDG had apparent authority to enter into a contractual relationship with Rozsa on behalf of SGC. *Id.* at 130–31. Rozsa's conversion claim failed because he directed that his $5 million be deposited into an

account owned by the Foundation, thereby relinquishing ownership and control over the funds. *Id.* at 131. The District Court rejected Rozsa's negligence claim because SGC, as a clearing broker, did not possess specific duties to Rozsa. *Id.* at 131–32.

On appeal, Rozsa maintains that the SGC breached a duty to Rozsa. Nevertheless, substantially for the reasons set forth in the District Court's thoughtful and comprehensive opinions, we conclude that Rozsa failed to allege any facts suggesting that SGC had a duty to Rozsa. Rather, in performing its ordinary clearing broker function, SGC would have had no duty to the customer of an introducing broker, *see Flickinger v. Harold C. Brown & Co.,* 947 F.2d 595, 597, 599 (2d Cir.1991); *Edwards & Hanly v. Wells Fargo Sec. Clearance Corp.,* 602 F.2d 478, 484 (2d Cir.1979); *Lesavoy v. Lane,* 304 F.Supp.2d 520, 529 (S.D.N.Y.2004); *In re Blech Sec. Litig.,* 928 F.Supp. 1279, 1295–96 (S.D.N.Y.1996), let alone to a third-party who deposited funds into the account of a customer of the introducing broker. Rozsa argues that he was a customer of SGC itself and therefore was owed a duty, but the FAC alleges that SGC rejected Rozsa's attempt to establish a "sub account" and Rozsa deposited his funds in the account of the Foundation. *See Rozsa,* 187 F.Supp.2d at 129 ("[T]he 'customer' that [MDG] introduced to [SGC] was the Foundation, and not Rozsa.").

Rozsa argues that his proposed second amended complaint would have clarified that he was SGC's customer. When the proposed second amended complaint was submitted, along with the motion for reconsideration and leave to replead, the District Court had already dismissed the action with prejudice. The District Court did not abuse its discretion, *see Chill v. Gen. Elec. Co.,* 101 F.3d 263, 271 (2d Cir. 1996) (denial of leave to replead reviewed for abuse of discretion), in denying Rozsa leave to replead at that point. Moreover, the District Court did not err in refusing to reconsider its decision in light of Rozsa's newly presented contention that he had in fact been a customer of SGC. *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995) (standard for granting a motion to reconsider is strict and the motion "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked").

We have considered all of plaintiffs' arguments on appeal and find them to be without merit. Accordingly, we hereby AFFIRM the judgment of the District Court.