UNITED STATES of America,

v.

**Monzer Al KASSAR, Tareq Mousa Al Ghazi, and Luis Felipe Moreno Godoy, Defendants.**

**No. S3 07 CR 354(JSR).**

United States District Court, S.D. New York.

Aug. 18, 2008.

Order Denying Reconsideration Aug. 27, 2008.

Leslie C. Brown, Brendan Robert McGuire, United States Attorney, Southern District New York, New York, NY, for United States of America.

Ira Lee Sorkin, Elliot Zvi Stein, Nicole Pappas De Bello, Shirley Othman Saed, Dickstein Shapiro LLP, Roger Lee Stavis, Gallet Dreyer & Berkey LLP, New York, NY, for Monzer Al Kassar, Tareq Mousa Al Ghazi, and Luis Felipe Moreno Godoy.

## OPINION AND ORDER

JED S. RAKOFF, District Judge.

Defendant Monzer Al Kassar, joined by co-defendants Tareq Mousa Al Ghazi and Luis Felipe Moreno Godoy, moves pursuant to Fed.R.Crim.P. 15(a) to take the pretrial depositions of three witnesses in Spain, namely, Jose M. Villarejo, who is a Chief Inspector of the Spanish State Police; Assuman Munyantore, who is defendant Al Kassar's personal assistant; and Juan Manuel Rodriguez, who is defendant Al Kassar's Spanish attorney. The parties filed written submissions with the Court, and defendant Al Kassar filed an *ex parte* sealed submission relating to materiality.[1] At oral argument, the Court initially denied the motion, without prejudice, because the conclusory representations of defense counsel regarding the witnesses' unavailability to appear at trial were insufficient to support a Rule 15 motion. *See* transcript, 7/11/08. Defendant Al Kassar has now submitted sworn affidavits from all three witnesses purporting to attest to their unavailability to testify at trial,[2] and accordingly, defendants now renew their motion.

■ Rule 15(a) of the Federal Rules of Criminal Procedure provides that, in "exceptional circumstances," the Court may order that "a prospective witness be deposed in order to preserve testimony for trial." Fed.R.Crim.P. 15(a)(1). To establish that "exceptional circumstances" exist, a defendant bears the burden of demonstrating that (1) the witness is unavailable for trial, (2) the witness's testimony is material, and (3) the witness's testimony is necessary to prevent a failure of justice. *United States v. Cohen*, 260 F.3d 68, 78 (2d Cir.2001).

If the Court were to reach the second and third requirements of this test, it would find that, even after taking account of the sealed submission, the defense has failed to show that Mr. Rodriguez's proffered testimony, which relates entirely to other transactions than those at issue here, is in any way material, and the Court would further find that Mr. Munyantore's proffered testimony, which refers to his observations of a single incident that is offered as corroboration of one secondary aspect of Inspector Villarejo's proffered testimony, is not necessary to prevent a failure of justice. This would leave Inspector Villarejo as the sole witness whose deposition would meet the second and third prongs of the test.

■ But the Court need not rule finally on the foregoing points because it is obvious from the witnesses' recently-submitted affidavits that none is genuinely unavailable to testify at the forthcoming trial (which is firmly scheduled to begin on November 3, 2008).

The sole reason given by Inspector Villarejo for his alleged unavailability is that "[e]vents often arise in the course of my official duties that require me to leave Spain on short notice." *See* Affidavit of Jose M. Villarejo. If anything, this statement evidences Inspector Villarejo's ability to travel to the United States even on short notice. Furthermore, Inspector Villarejo's vague speculation that some theoretical future work commitments might make him unavailable is entirely insufficient to support a finding of unavailability. *See United States v. Varbaro*, 597 F.Supp. 1173, 1181 (S.D.N.Y.1984). Even if Inspector Villarejo were unavailable on any given date, moreover, it is exceedingly unlikely, on its face, that he would be unavail-

---

1. This submission, while remaining sealed, will now be docketed.

2. These affidavits will now be docketed.

able throughout the approximately three weeks estimated for this trial, and the Government has already represented that it would join in making a formal request to Spain for Inspector Villarejo's appearance, should the defense so request. *See* Government's Memorandum of Law in Opposition to Defendants' Motion for Rule 15 Depositions, at 6–7.

Mr. Rodriguez states in his affidavit that he has "a busy legal practice that prevents me from taking time off to travel to New York." *See* Affidavit of Juan Manuel Rodriguez. Given that Mr. Rodriguez is the personal lawyer of defendant Al Kassar, an alleged billionaire, and has represented Mr. Al Kassar in numerous business transactions, the notion that he is "too busy" (in some unspecified way) to make a short trip to New York to testify on Mr. Al Kassar's behalf is preposterous on its face.

As for Mr. Munyantore, he states that he "cannot afford to take time off to travel to the United States" because of his two jobs. *See* Affidavit of Assuman Munyantore. But his primary job is acting as a personal assistant for Mr. Al Kassar, for whom Mr. Munyantore has worked for over 18 years. The notion that, in these circumstances, Mr. Al Kassar could not secure Mr. Munyantore's brief appearance to testify in New York is, again, absurd on its face. *See United States v. Oudovenko*, No. 00–1014, 2001 WL 253027, at *2 (E.D.N.Y. Mar.7, 2001). Indeed, the representations of all three witnesses as to why they are unavailable to testify are so palpably flimsy as to call into question their good faith.

Accordingly, since the defense has failed to establish the genuine unavailability of any of these witnesses, defendants' Motion

for Rule 15 Depositions is now denied with prejudice.[3]

SO ORDERED.

## *MEMORANDUM ORDER*

Defendant Monzer Al Kassar, joined by co-defendants Tareq Mousa Al Ghazi and Luis Felipe Moreno Godoy, moves for reconsideration of the Court's August 18, 2008 Opinion and Order ("the August 18 Order") denying defendants' Rule 15 motion to take the pre-trial depositions of three witnesses in Spain. The Court first denied defendants' Rule 15 motion on July 11, 2008, without prejudice, after hearing oral argument and reviewing written submissions from both parties and defendants' *ex parte* sealed submission relating to materiality. *See* transcript, 7/11/08. Defendants renewed their motion after submitting sworn affidavits from all three witnesses purporting to attest to their unavailability to testify at trial, and the Court denied the motion with prejudice on August 18, 2008. Now, defendants request reconsideration of the August 18 Order with respect to one of the three proposed deponents, Jose M. Villarejo, a Chief Inspector of the Spanish National Police. *See* Memorandum of Law in Support of Defendants' Motion for Reconsideration of the Court's Opinion and Order Denying Defendants' Motion for Rule 15 Depositions ("Def.Mem.") at 2.

 Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*,

---

**3.** Obviously, the Court's denial of defendants' motion in no way precludes defendants from offering the live testimony of any of these three witnesses at trial, or precludes the Government, in such circumstances, from raising other objections to their testimony, such as hearsay, lack of materiality, etc.

70 F.3d 255, 257 (2d Cir.1995); S.D.N.Y. Local Civil Rule 6.3 (motions for reconsideration must include "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked"). Here, far from pointing to matters the Court might have overlooked, defendants premise their motion for reconsideration on the repeated, but flatly erroneous assertion that the Court has already found the testimony that defendants purportedly will elicit from Inspector Villarejo to be, not only material, but necessary to prevent a failure of justice. See Def. Mem. at 2, 3, 4, 6, 9. As the August 18 Order clearly states, however, the Court has not found it necessary to rule on these matters, because Inspector Villarejo's own affidavit has made it clear that he is not genuinely unavailable to testify at trial. 8/18/08 Order at 2–3.

■ Defendants' motion for reconsideration has not convinced the Court otherwise. Defendants assert that "[u]nder the law of the Second Circuit, once Inspector Villarejo declared his refusal to appear at trial, the Court should have found that he was unavailable for purposes of Rule 15." Def. Mem. at 7. Defendants fail to cite to any legal authority in support of this broad proposition, let alone offer any new case law or controlling decisions that the Court purportedly overlooked. Nor, as a factual matter, has Inspector Villarejo "declared his refusal" to testify at trial, but rather has stated, in conclusory and seemingly contradictory fashion, that "work related responsibilities" that "require [him]

to leave Spain on short notice" would somehow render him "unable to travel to the United States for the trial of this case." Affidavit of Jose M. Villarejo. As the August 18 Order noted, such vague speculation about theoretical future work commitments cannot create the "exceptional circumstances" needed to satisfy Rule 15. 8/18/08 Order at 3; see United States v. Varbaro, 597 F.Supp. 1173, 1181–82 (S.D.N.Y.1984).

Moreover, as also noted in the August 18 Order, see id. at 3, the U.S. Government has made a formal request in the instant case to the Government of Spain for Inspector Villarejo's appearance at trial, which, if granted, would compel his attendance. See Government's Memorandum of Law in Opposition to Defendants' Motion for Reconsideration of the Court's Opinion and Order Denying Defendants' Motion for Rule 15 Depositions at 11. Since the Government of Spain has already granted such requests with respect to other witnesses in this case, it seems not unlikely it will honor the request for Inspector Villarejo as well.[1]

In their motion for reconsideration, defendants also argue, for the first time, that the Court's denial of defendants' motion to depose Inspector Villarejo violates defendants' Sixth Amendment right to compulsory process and their Fifth Amendment right to due process. Def. Mem. at 3–6. The failure of defendants to raise these arguments in their original motion is, of itself, sufficient to deny them.[2]

1. The Court here also makes explicit what was implicit in the August 18 Order: if the Government of Spain declines the U.S. Government's request for Inspector Villarejo's appearance at the trial of this case, the defendants, promptly upon being apprised of such declination, may renew their motion to depose Inspector Villarejo, which, in that very

different posture, the Court will consider de novo.

2. Defendants seek to explain their failure to raise these arguments in the original motion by contending that the constitutional arguments are "self-evident," and that the defense was not provided with an opportunity to reply to the Government's opposition to their origi-

Moreover, even if the Court considers these arguments on the merits, they still fail. Indeed, not only have defendants proved unable to cite a single case that supports their assertion that the Rule 15 deposition here sought is necessary to prevent a violation of the Fifth or Sixth Amendments, but also the cases they do cite suggest, if anything, the opposite conclusion. Notably, they rely on *United States v. Greco*, a case that, in actuality, explicitly recognizes the limits of the Sixth Amendment right to compulsory process when applied in these circumstances. *See Greco*, 298 F.2d 247, 251 (2d Cir.1962) ("the Sixth Amendment can give the right to compulsory process only where it is within the power of the federal government to provide it. Otherwise any defendant could forestall trial simply by specifying that a certain person living where he could not be forced to come to this country was required as a witness in his favor."); *see also United States v. Yousef*, 327 F.3d 56, 114 n. 48 (2d Cir.2003) (noting that a court's inability to subpoena witnesses from a foreign country does not deprive a defendant of any constitutional right).

The Court has considered defendants' other arguments and finds them so entirely without merit as not to warrant further discussion.

Accordingly, for the foregoing reasons, defendants' Motion for Reconsideration of the August 18 Order is hereby denied.

SO ORDERED.

---

nal motion. Def. Mem. at 2–3. As explained below, the constitutional arguments raised in defendants' motion, far from being "self-evident," are erroneous. Moreover, defendants never requested leave from the Court to submit reply papers (which is not, in any case, a matter of right), nor did they raise these arguments at the time of their post-briefing oral argument of the motion in court.