Bruce C. SHRADER, Plaintiff–Appellant,

v.

CSX TRANSPORTATION, INC., Defendant–Appellee.

No. 40, Docket 95–7037.

United States Court of Appeals, Second Circuit.

Argued Oct. 24, 1995.

Decided Nov. 15, 1995.

John F. Collins, Buffalo, NY, Collins & Collins (Mark W. Pawlak, of counsel), for Plaintiff–Appellant.

Susan C. Roney, Buffalo, NY, Nixon, Hargave, Devans & Doyle (David P. Ford, of counsel), for Defendant–Appellee.

Before: FEINBERG, OAKES and CALABRESI, Circuit Judges.

CALABRESI, Circuit Judge:

The dispute underlying this appeal began in 1991, when appellant Bruce Shrader alleged that he was injured in an on-the-job accident at a train yard run by CSX Transportation, Inc. (CSXT). The company ultimately determined that Shrader's claim of injury was false, and fired him "for conduct unbecoming a CSXT employee." Shrader challenged the determination that his claim was false in arbitration before a Public Law Board, convened pursuant to section 3 of the Railway Labor Act (RLA), *codified at* 45 U.S.C. § 153. The Board determined that there was sufficient evidence to support CSXT's decision to fire Shrader for filing a false accident report. Shrader appealed that decision to the United States District Court for the Western District of New York (William M. Skretny, J.). Shrader further maintained that his discharge was in violation of section 10 of the Federal Employers' Liability Act (FELA), *codified at* 45 U.S.C. § 60, which provides criminal penalties when an employer "prevent[s] employees ... from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee." CSXT moved to dismiss both charges for failure to state a claim upon which relief could be granted, under Fed.R.Civ.P. 12(b)(6). On August 1, 1994, the district court dismissed Shrader's challenge to the Board's decision, but declined to dismiss the FELA claim. CSXT then filed a motion for reconsideration of the decision not to dismiss the second claim. The court granted the motion for reconsideration and, on December 8, 1994, dismissed Shrader's FELA claim, concluding that the prohibition against interfering with an employee who "voluntarily" furnishes information to a "person in interest" concerning a workplace accident does not apply in a situation, like this one, in which the employee has filed with his employer a mandatory report of his own alleged accident.

Shrader now appeals from the district court's decision to reconsider its August 1 order and its subsequent dismissal of his FELA claim. The appellant's brief also challenges the district court's August 1, 1994, refusal to set aside the decision of the arbitral Board.

## I.

 The Notice of Appeal filed with this court by Shrader indicated his intent to appeal only from the district court's December 8, 1994, order. Since a notice of appeal "must designate the judgment, order, or part thereof appealed from," Fed.R.App.P. 3(c), the appellant's failure to mention the August 1 order in his notice of appeal bars us from considering his claim that the Board's decision should have been set aside. Of course, we construe notices of appeal liberally, taking the parties' intentions into account. *See United States v. Schwimmer,* 968 F.2d 1570, 1574–75 (2d Cir.1992). Here, however, not only does the notice of appeal refer solely to the December 8 order, but the December 8 order itself, while making reference to the August 1 order, does so simply to note the failure of that order to dismiss the FELA claim. It is clear, therefore, that the December 8 order appealed from decides nothing other than the FELA claim. We accordingly have no jurisdiction to review the district court's earlier decision to dismiss the appellant's RLA challenge. In any event, we note in passing that the appellant's challenge to the Board's decision appears to be meritless.

## II.[1]

 Shrader also argues that the district court erred in granting CSXT's motion for

---

1. We note at the outset that we have grave doubts about the reviewability of a district court's decision to grant a motion for reconsideration. Certainly, such a decision would not be an appealable final order, sufficient in itself to give this court jurisdiction. *See* 28 U.S.C.

§ 1291. Whether the grant of a motion to reconsider is reviewable once an appellate court has jurisdiction over the case for independent reasons is dubious at best. Because neither party has discussed whether such a grant is reviewable—and in fact both parties have vigorously

reconsideration of the August 1 order. The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *See Schonberger v. Serchuk,* 742 F.Supp. 108, 119 (S.D.N.Y. 1990); *Adams v. United States,* 686 F.Supp. 417, 418 (S.D.N.Y.1988). CSXT argues that it did present the district court with data that the court had not previously considered. First, CSXT pointed to numerous statements in the FELA's legislative history, which the district court had not discussed in its original ruling, and which CSXT claimed gave support to CSXT's interpretation of the statute. Second, CSXT argued that the district court had originally examined only two of the circuit court decisions on the issue before it. Instead, four circuits—every one that had considered the applicability of section 10 to circumstances similar to those presented by Shrader's complaint—had concluded that section 10 did not apply. *See Bielicke v. Terminal R.R. Ass'n,* 30 F.3d 877, 878 (7th Cir.1994); *Lewy v. Southern Pac. Transp. Co.,* 799 F.2d 1281, 1293 (9th Cir.1986); *Gonzalez v. Southern Pac. Transp. Co.,* 773 F.2d 637, 644 (5th Cir.1985) ("*Gonzalez II*"); *Landfried v. Terminal R.R. Ass'n,* 721 F.2d 254, 256 (8th Cir.1983), *cert. denied,* 466 U.S. 928, 104 S.Ct. 1712, 80 L.Ed.2d 185 (1984).

■ Admittedly, a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided. But in light of CSXT's introduction of additional relevant case law and substantial legislative history, we cannot say that the district court's decision to reconsider its earlier ruling was an abuse of discretion.

### III.

■ Finally, Shrader challenges the district court's decision to dismiss his FELA complaint for failure to state a claim upon which relief can be granted. We reject this challenge, concluding not only that the terms of the statute do not include situations in which an employee—as required by a railroad-employer—informs that employer about his or her own accident, but also that, even if the statute did include those situations, it would not apply where, as here, the employee's accident report was properly found to have been falsified.[2]

Section 10 of the FELA makes criminal employer interference with an employee who "voluntarily" furnishes information concerning a workplace injury to "a person in interest." 45 U.S.C. § 60.[3] The courts of appeals

---

argued the merits of the district court's decision to grant the motion—and because the issue of whether the court erred in granting the motion is easily disposed of on the merits, we resolve those merits. We do so, however, without suggesting that the grant of such a motion to reconsider is in fact reviewable.

2. Because we find that Shrader does not have a claim under section 10 of the FELA for the reasons set out below, we do not address the question whether that section, which provides *criminal* penalties for certain employer behavior, can also be the basis of a private cause of action by the employee against the employer.

3. CSXT argues that section 10 of the FELA does not apply to this case because the railroad is not a "person in interest" under the statute. While the district court relied on this argument in reaching its decision, we decline to take that route. In fact, the only court of appeals to have focused on that particular clause of section 10 found—in an opinion that has since been withdrawn—that it did include the railroad. *See*

*Gonzalez v. Southern Pac. Transp. Co.,* 755 F.2d 1179, 1185 (5th Cir.1985) ("*Gonzalez I*"), *withdrawn and superseded on reh'g, Gonzalez v. Southern Pac. Transp. Co.,* 773 F.2d 637 (5th Cir.1985) ("*Gonzalez II*"). In *Gonzalez,* an employee had voluntarily filed a corroborating accident report with the railroad at the request of an injured co-worker. *See Gonzalez I* at 1182. The railroad argued that it was not a "person in interest" under the FELA's section 10, and that section 10 was thus inapplicable. *See id.* at 1183. The Fifth Circuit rejected this argument, and held that when an employee provides information to the railroad about a fellow employee's accident, the railroad is a "person in interest" for the purposes of the FELA's section 10. *See id.* at 1183–85. The decision in *Gonzalez I* was withdrawn on rehearing after an arbitration panel determined that the information provided by Gonzalez had been false, and that Gonzalez's filing of the report was therefore not protected by the FELA. *See Gonzalez II,* 773 F.2d at 642. Because Shrader here filed a report about his own accident, and not a corroborating report for a co-worker, we need not address the argument upon which CSXT seeks to rely.

that have considered the application of this provision have concluded that an employee's filing of his own FELA claim with his employer does not constitute the voluntary furnishing of information to a person in interest about an employee's injury, within the meaning of section 10 of the FELA. *See Bielicke,* 30 F.3d at 878; *Lewy,* 799 F.2d at 1293; *Gonzalez II,* 773 F.2d at 642; *Landfried,* 721 F.2d at 256.

The FELA's legislative history provides strong support for the view that section 10 was enacted to "permit those who have information concerning the facts and circumstances of a personal injury to give statements to the injured employee or his dependents, or to someone authorized to represent him or them." S.Rep. No. 661, 76th Cong., 1st Sess. 5 (1939). It was not meant to protect an employee who reports his or her own injury to an employer as required by the employer's rules. The enacting legislators' concern was that employers might be able to prevent employees from testifying on behalf of their co-workers when the precise circumstances of an accident were disputed. *See id.; see also* H.R.Rep. No. 1422, 76th Cong., 1st Sess. 2 (1939). Hence, they made retaliation in such instances a crime, while at the same time relying on the procedures established under the RLA as the sole method of protecting an employee from discharge in retaliation for the filing of his or her own accident report. *See, e.g., Mayon v. Southern Pac. Transp. Co.,* 805 F.2d 1250, 1252–53 (5th Cir.1986) ("[O]ne who helps a co-worker file an FELA claim may have a cause of action under § 60 for retaliatory discharge. One who is discharged for filing his own FELA claim, however, does not. Only the remedies of the RLA are available."). In the case before us, Shrader filed a mandatory accident report regarding his own accident with his employer. Since the FELA's prohibitions against retaliatory discharge were not intended to apply in this situation, Shrader must rely on the procedures and remedies established under the RLA.

Further, even if section 10 of the FELA provided a cause of action for employees who have filed, or are preparing to file, their own accident claims, Shrader still would not be entitled to the protections of section 10 because of the arbitration panel's conclusion that his accident report was false. In this respect, the circumstances before us are similar to those facing the Fifth Circuit in *Gonzalez.* In *Gonzalez II,* the court, which had remanded for a determination of whether the employee's corroborating accident report had been falsified, *see Gonzalez I,* 755 F.2d at 1185–86, reheard the case and considered the effect of an RLA arbitrator's subsequent determination that the report had in fact been false. The Fifth Circuit then dismissed the suit, holding that section 10 of the FELA does not provide protection for the filing of a false accident report. *See Gonzalez II,* 773 F.2d at 642; *cf. Benjamin v. Traffic Exec. Ass'n Eastern Railroads,* 869 F.2d 107, 111 (2d Cir.1989) (in a collateral proceeding, a labor arbitration panel's decision was held to have preclusive effect). We agree. Shrader was not dismissed in retaliation for filing an accident report; he was dismissed for dishonesty, and that is not protected conduct under the FELA.

## CONCLUSION

In the case before us, an RLA arbitration panel has found that Shrader's accident report was falsified. Even were we to reject the conclusions of the other courts of appeals and the strong evidence in the FELA's legislative history that section 10 applies only to employees who assist their injured co-workers by furnishing information about an accident, we would still affirm the district court's dismissal of this action because Shrader's filing of a false accident report is not protected by the FELA.

We have examined all of the appellant's arguments and find them to be without merit. Accordingly, we affirm the order of the district court.