05-4935-cv
New Phone v. City of New York

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

—————————————————————

August Term, 2006

(Argued:  November 14, 2006                         Decided:  May 16, 2007
                        Amended: August 10, 2007 )

Docket Nos. 05-4935-cv(L)
05-5490-cv(CON) & 05-5502-cv(CON)

—————————————————————

THE NEW PHONE CO., INC., and BEST PAYPHONES, INC.

*Plaintiffs-Appellants*,

– v. –

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF INFORMATION
TECHNOLOGY AND TELECOMMUNICATIONS, and GINO MENCHINI, in his Official
Capacity

*Defendants-Appellees.*

—————————————————————

Before: JACOBS, *Chief Judge,* SACK, *Circuit Judge*, and OBERDORFER, *District Judge.*[*]

—————————————————————

Plaintiffs-Appellants appeal from an order *sua sponte* dismissing a complaint and a filing

---

[*] The Honorable Louis F. Oberdorfer, United States District Judge for the District of
Columbia, sitting by designation.

injection entered by the United States District Court for the Eastern District of New York (Gleeson, J.).

VACATED and REMANDED in part. Appeal DISMISSED in part and DENIED as moot in part.

CHARLES H. RYANS, New York, NY, *for Appellants*.

KAREN M. GRIFFIN, Corporation Counsel of the City of New York (Michael A. Cardozo, Francis F. Caputo, Michael S. Adler, and Jerald Horowitz, *of counsel*), *for Appellees*.

PER CURIAM:

This opinion addresses three consolidated appeals. In 05-4935-cv(L), the plaintiffs-appellants The New Phone Co., Inc. and Best Payphones, Inc. (collectively, "New/Best") jointly appeal from an August 5, 2005 order (Gleeson, J.) ("August 5 Order") *sua sponte* dismissing complaint number 05-cv-1702. In 05-5490-cv(C) and 05-5502-cv(C), New Phone and Best Payphone each appeal from an August 26, 2005 order (Gleeson, J.) ("August 26 Order") denying their requests to file new complaints under the terms of a filing injunction issued by the district court in the August 5 Order.

**I. Background**

Established telephone companies such as Verizon provide the vast bulk of payphone services in New York City. New/Best have for several years operated what may fairly be described as fringe payphone services. For example, they place payphones on the outside of buildings and connect them to the lines maintained by the established telephone service companies. In 1996, New York City created a new regulatory scheme governing these fringe payphone businesses which, among other things, required them to obtain a franchise agreement

2

from the City. New/Best objected to the new scheme and reacted by filing suit against the City. Since that time, the City has denied their repeated requests for franchise agreements and has taken various allegedly discriminatory and retaliatory actions against them. Over the years, New/Best generally responded to new City regulations by moving to amend their pending complaints. Concerned they would run afoul of a local four-month statue of limitations, they also often simultaneously filed new complaints. By the end of 2004, New/Best had seven complaints against the City pending in the Eastern District of New York. In addition, New/Best and the City have filed a number of procedural motions as they vigorously litigated.

In December 2004, the City adopted new regulations further affecting New/Best's businesses: (1) a six percent fee increase for new pay phones, and (2) a bar on future advertising on payphone enclosures in Manhattan below 96th Street. In response, New/Best again adopted the motion to amend/new complaint strategy. In April 2005, they moved to amend their seven then-pending complaints, including one in which motions to dismiss were fully briefed. Simultaneously, they jointly filed complaint 05-cv-1702, generally reiterating the allegations of the earlier complaints as amended.

Concerned about the proliferation of cases and matters, the trial court, after briefing and argument by counsel, enjoined New/Best from filing additional complaints without leave of court. In addition, the court, *sua sponte,* and without briefing or argument, dismissed complaint 05-cv-1702. Three weeks later, New/Best sought leave to file yet another complaint; the district court denied their request.

**II. Analysis**

**A. The Dismissal of 05-cv-1702**

3

As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The dismissal of a complaint based on the exercise of this power is reviewed for abuse of discretion. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

Without the benefit of briefing on the subject, the trial court found with minimal discussion that "the complaint *appears to be largely* duplicative of earlier complaints." August 5 Order at 8 (emphasis added). In a footnote, the district court recognized that it did "not conduct an exhaustive comparison of the seven complaints." August 5 Order at 7 n.6. While the district court was not required to conduct an exhaustive comparison before dismissing 05-cv-1702, it should have undertaken a more thorough review to determine if these claims were based on a "common nucleus of operative facts." *See, e.g.*, *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 113 (2d Cir. 2000). Complaint 05-cv-1702 challenges new City regulations that New/Best could not have challenged before. When new allegations are not obviously barred by claim preclusion, plaintiffs are entitled to process, even if a motion for leave to amend has been denied. *Curtis*, 226 F.3d at 136, 140. Furthermore, while the district court stated that it would take New/Best's requests to amend their complaints into consideration, this is not adequate to ensure that the statute of limitations will be tolled and their claims will be preserved. Under these circumstances, we cannot affirm the district court's *sua sponte* dismissal.[1]

_____

[1] It appears that the district court intended the dismissal to be without prejudice; it suggested that plaintiffs may seek leave to file a new complaint after the pending motions are decided. August 5 Order at 8. Nevertheless, the dismissal without process or otherwise preserving the claims was error.

4

There are other mechanisms the district court can employ to achieve judicial efficiency and still preserve New/Best's rights. The district court need not conduct a line by line comparison of 05-cv-1702 to excise the duplicative claims; it can order the plaintiffs to do so or face sanction. It can also order further briefing on the issue of whether the new claims are indeed based on the same "nucleus of operative facts." *Waldman,* 207 F.3d at 113. The court also has the authority to defer analysis on the merits of these claims until the pending motions to dismiss are resolved. For example, it could simply stay the 05-cv-1702 action, or it could dismiss it without prejudice so long as it also ordered the statue of limitations tolled.

Accordingly, we VACATE the portion of the August 5 Order dismissing 05-cv-1702 and REMAND to the district court for further proceedings consistent with this order.

### B.    The Filing Injunction

None of the notices of appeal mention the entry of the filing injunction; our jurisdiction is limited by the wording of the notice. *Kowsh v. Bd. of Elections*, 99 F.3d 78, 80 (2d Cir. 1996). Rule 3(c) provides that "the notice of appeal must . . . designate the judgment, order or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). We have an independent obligation to ensure the notice of appeal complies with Rule 3(c). *Dynegy Midstream Servs. v. Trammochem,* 451 F.3d 89, 92 (2d Cir. 2006). While we may construe the rules liberally, we do not have the authority to waive the jurisdictional requirements of this rule. *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317 (1988).[2]

---

[2] In *Eberhart v. United States*, 546 U.S. 12 (2005) (per curiam) and *Kontrick v. Ryan*, 540 U.S. 443 (2004), the Supreme Court has cast some doubt about the rationale underlying *Torres*. Because the Supreme Court has not expressly overruled *Torres*, however, we are bound by it. *See Agostini v. Felton*, 521 U.S. 203, 237 (1997).

We recognize that some of our opinions have suggested in dicta that we have jurisdiction to review a district court's decision if the appellee fully responds to the appellant's arguments – and thereby suffers no prejudice – even where the intent to appeal from the decision is not clear on the face of, and cannot be inferred from the language of, the notice of appeal. *See, e.g.*, *Ametex Fabrics, Inc. v. Just In Materials, Inc.*, 140 F.3d 101, 106 (2d Cir. 1998). But such a rule would be inconsistent with other decisions of this Court which, even though we did not there comment explicitly on the issue, dismissed appeals on grounds of insufficient notice notwithstanding the appellees' complete response to the appellants' arguments. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) (holding that we do not have jurisdiction to review a district court's decision because the intent to appeal could not be inferred from the notice); Brief for Appellees at 23-27, *Shrader*, No. 95-7037 (2d Cir. Mar. 30, 1995) (responding to the appellant's arguments); *see also Kowsh*, 99 F.3d at 80; Brief for Appellees at 11-12, *Kowsh*, No. 96-9314 (2d Cir. Oct. 25, 1996) (responding to the appellant's arguments).

Moreover, our assertion of jurisdiction over an appeal based on the appellee's response on the merits to the appellant's arguments suggests that an appellee may waive the jurisdictional defects in the notice of appeal. That is not so. *See Torres*, 487 U.S. at 317 (noting that the requirements of Rules 3 and 4 may not be waived because they are jurisdictional in nature). In the case at bar, the City's brief responds to New/Best's arguments as to the August 5 filing injunction. Our jurisdiction, however, depends on whether the intent to appeal from that decision is clear on the face of, or can be inferred from, the notices of appeal. Because none of the notices of appeal mention the August 5 filing injunction and the intent to appeal from it cannot be inferred from the notices, we must dismiss the appeal for lack of jurisdiction insofar as the

appellants seek review of that filing injunction.

### C.     The August 26 Order

The August 26 Order denies New/Best's requests to file a new complaint.  Given the vacatur of the district court's dismissal of 05-cv-1702, and our conclusion that the district court cannot dismiss a new complaint merely because "it appears to be largely duplicative of earlier complaints," *see supra* page 4, it is preferable to allow the district court to reconsider the new complaint in the first instance.  Accordingly, we decline to reach the issue at this time, and the appeals of the August 26 Order are DENIED, without prejudice to New/Best's seeking leave from the district court to amend 05-cv-1702 to include new claims that may have arisen.