**Jason MOLINA, Plaintiff,**

v.

**The CITY OF NEW YORK, et al., Defendants.**

**No. 10 Civ. 1370(VM).**

United States District Court, S.D. New York.

June 24, 2010.

---

**41.** Fed.R.Civ.P. 23(b)(2).

Joshua Paul Fitch, Cohen & Fitch LLP, New York City, for Plaintiff.

Shlomit Aroubas, New York City, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

By memo-endorsed Order dated June 14, 2010, (the "Order") the Court granted plaintiff Jason Molina ("Molina") leave to amend the complaint so as to add Detective Matthew Regina ("Regina") as a defendant in this action. Molina alleged that he did not name Regina in the original complaint because he mistakenly believed that another named defendant, Detective Hidalgo, was the officer who provided the information that led to Molina's arrest. Molina submitted his request to amend the complaint one day after the statute of limitations applicable to this action had run. Defendants, by letter dated June 18, 2010 (Docket No. 10) (the "Motion"), moved for reconsideration of the Court's Order. By letter-brief dated June 22, 2010 (Docket No. 13), Molina opposed defendants' request.

Upon review of defendants' Motion and Molina's opposition, the Court denies the motion. Defendants have not satisfied the standard applicable to warrant reconsideration. They have not pointed to new evidence or controlling law that the Court overlooked that would alter the outcome. *See Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir.1995). Moreover, the Court remains persuaded that under the factual circumstances of this case, Molina's omission in not naming Regina in his original complaint qualifies as a mistake for the purposes of application of the relation back doctrine set forth in Federal Rule of Civil Procedure 15(c)(3). *See Smalls v. Fraser*, No. 05 Civ. 6576, 2006 WL 2336911, *3 (S.D.N.Y. Aug. 11, 2006); *Sigmund v. Martinez*, No. 06 Civ. 1043, 2006 WL 2016263, *3 (S.D.N.Y. July 13, 2006).

### ORDER

For the reasons stated above, the motion of defendants set forth in their letter to the Court dated June 18, 2010 (Docket No. 10) for reconsideration of the Court's Order dated June 14, 2010 (Docket No. 13) granting plaintiff leave to amend the complaint is DENIED.

**SO ORDERED.**