10-0219-cv
Quanta Specialty Lines Insurance Co. v. Investors Capital Corp.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of November, two thousand and ten.

PRESENT:

RALPH K. WINTER,
JOSÉ A. CABRANES,
DENNY CHIN,
 *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

QUANTA SPECIALTY LINES INSURANCE COMPANY,

   *Plaintiff-Counter-Defendant-Appellee,*

 v.            No. 10-0219-cv

INVESTORS CAPITAL CORPORATION,

   *Defendant-Counter-Claimant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**   TERRY CUMMINGS, Hitchcock & Cummings, LLP, New York, New York.

**FOR APPELLEE:**   JONATHAN R. HARWOOD (Lisa L. Shrewsberry & Richard J. Rogers, *on the brief*), Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, New York.

1

Appeal from an order of the United States District Court for the Southern District of New York entered on December 17, 2009 (Peter K. Leisure, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's order is **AFFIRMED**. Appellant's challenge to the District Court's order of April 20, 2008, denying appellant's motion for leave to amend its answer is **DISMISSED** for lack of subject matter jurisdiction.

Plaintiff-counter-defendant-appellant Quanta Specialty Lines Insurance Company ("Quanta") at one time provided a professional liability insurance policy to defendant-counter-claimant-appellant Investors Capital Corporation ("ICC"). Quanta brought this action in the District Court seeking a declaration that it was not required, under the insurance policy, to defend and indemnify ICC for certain ongoing arbitration proceedings in which ICC is a defendant. The District Court granted summary judgment to Quanta. *See Quanta Lines Ins. Co. v. Investors Capital Corp.*, No. 06 Civ. 4624, 2009 WL 4884096 (S.D.N.Y. Dec. 17, 2009). ICC then brought this appeal arguing that (1) the District Court erred in granting summary judgment to Quanta and (2) the District Court abused its discretion in declining to permit ICC to amend its answer to add an affirmative defense under N.Y. Bus. Corp. Law § 1312(a).[1] We assume the parties' familiarity with the underlying facts and the procedural history of this action.

## I.     Summary Judgment

We review a district court's summary judgment rulings *de novo*, drawing all factual inferences in favor of the non-moving party. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Undertaking that review, we affirm the grant of summary judgment to Quanta for substantially the reasons set forth by the District Court in connection with one of the three independent bases for the Court's December 17, 2009 ruling. Specifically, we agree with the District Court that "as of the . . . inception date of the original policy, ICC had knowledge or a reasonable basis upon which to anticipate that a wrongful act or interrelated wrongful act could result in a claim pursuant to Section 1 of the policies." *Quanta Lines*, 2009 WL 4884096, at *15 (some capitalization removed).

## II.     Denial of Leave to Amend Answer

In its briefs on appeal, ICC challenges the District Court's denial of its motion for leave to amend its answer. We hold that we lack jurisdiction over that challenge, and in any event, the challenge is meritless.

---

[1] This statute provides in relevant part: "A foreign corporation doing business in this state without authority shall not maintain any action . . . in this state unless and until such corporation has been authorized to do business in this state and it has paid to the state all [required] fees and taxes . . . ." N.Y. Bus. Corp. Law § 1312(a).

**A.    We Lack Jurisdiction Over ICC's Challenge to the Denial of Leave to Amend**

A notice of appeal "must designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B).  The District Court denied ICC's motion to amend its answer in an April 30, 2008 opinion and order; it then denied ICC's motion to reconsider that decision in a June 24, 2008 memorandum order.  ICC's notice of appeal, however, states only that ICC "appeals . . . from the Order of this Court [(*i.e.*, the District Court)] . . . entered on the 17th Day of December, 2009, which granted plaintiff's motion for summary judgment and denied ICC's cross-motion for summary judgment."  The notice of appeal fails to refer in any way to the District Court's denial of leave to amend, specifying neither the District Court's April 20, 2008 opinion and order nor the June 24, 2008 memorandum order.

Thus, an "intent to appeal from" the denial of leave to amend is not "clear on the face of"—and cannot "be inferred from"—ICC's notice of appeal, and "we must dismiss the appeal for lack of jurisdiction insofar as the appellant[] seek[s] review of" the denial of leave to amend.  *New Phone Co. v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007); *accord Shrader v. CSX Transp.*, 70 F.3d 255, 256 (2d Cir. 1995).

Although Quanta did not raise the issue in its briefs, the scope of a notice of appeal determines our subject matter jurisdiction.  *See New Phone Co.*, 498 F.3d at 131.  We are therefore required to raise the issue *nostra sponte*, and Quanta cannot waive the jurisdictional defect in ICC's notice of appeal.  *Id.*

We acknowledge, furthermore, that we are required to "construe notices of appeal liberally." *Shrader*, 70 F.3d at 256.  But ICC has been represented by counsel throughout this litigation, *cf. Phelps v. Kapnolas*, 123 F.3d 91, 93 (2d Cir. 1997) (giving a particularly liberal construction to the notice of appeal of a *pro se* appellant), and where a notice of appeal "fail[s] to mention" a specific order, we are "bar[red] from considering" an appellate challenge to that order, *Shrader*, 70 F.3d at 256.

We therefore lack jurisdiction to review the District Court's denial of ICC's motion to amend its answer.

**B.    Leave to Amend Was, in Any Event, Properly Denied**

Although we do not have jurisdiction over ICC's challenge to the denial of leave to amend, we wish to note for completeness that leave to amend was properly denied.

The District Court denied ICC leave to amend on the ground that ICC's proposed affirmative defense was meritless and amendment was therefore futile.  *See Quanta Specialty Lines Ins.*

3

*Co. v. Investors Capital Corp.*, No. 06 Civ. 4624, 2008 WL 1910503, at *8-10 (S.D.N.Y. Apr. 30, 2008) (citing *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (noting that leave to amend an answer may be denied on the grounds of "futility")). We agree with the District Court that amendment was futile, but we do so for a different reason than the one stated by the District Court. Unlike the District Court, we see no need to evaluate the merits of ICC's affirmative defense under N.Y. Bus. Corp. Law § 1312(a), because even assuming, for the sake of analysis, that the defense is meritorious, it would nevertheless be futile for ICC to assert the defense in this action.

ICC seeks to add the affirmative defense under N.Y. Bus. Corp. Law § 1312(a) only to *defeat* the claims asserted by *Quanta*. ICC has also asserted *counterclaims* and wishes to pursue those claims even if its affirmative defense successfully defeats Quanta's claims. *See, e.g.*, Appellant's Reply Br. 5 (asking us to "reverse both the district court's Judgment and Order," to "strike Quanta's pleadings in their entirety," and then to "remand[] [the case] to the district court for trial on the merits of ICC's counterclaims"). Yet ICC's counterclaims are functionally equivalent to the claims raised by Quanta—*Quanta's claims* seek a ruling that Quanta *is not* required to indemnify and defend ICC in the relevant arbitrations, whereas *ICC's counterclaims* seek, in essence, a ruling that Quanta *is* required to indemnify and defend ICC in the relevant arbitrations, *see* J.A. 65-67 (ICC's Answer ¶¶ 71-84).[2]

Therefore, assume for the sake of analysis that we were to reverse the District Court and grant ICC leave to amend its answer to add its affirmative defense under N.Y. Bus. Corp. Law § 1312(a). Assume further that ICC's affirmative defense were meritorious and thereby defeated Quanta's claims. At that point, *ICC's counterclaims* would proceed to judgment, and since those counterclaims are functionally equivalent to Quanta's claims, the District Court would reach the same ruling it reached in its December 17, 2009 order and opinion—namely, that Quanta is *not* required to indemnify and defend ICC. We would then affirm that ruling.

Accordingly, we agree with the District Court (though on a different ground) that ICC's proposed amendment is futile. Even if we were to have jurisdiction over ICC's challenge to the denial of leave to amend—and even if we were to permit ICC to assert its affirmative defense and that defense were to succeed—this action would result in the same outcome as the one set forth in

---

[2] ICC asserts six counterclaims. *See* J.A. 60-67 (ICC's Answer ¶¶ 29-84). The first three counterclaims—each seeking "recission" on various grounds, *see id.* 60-65 (ICC's Answer ¶¶ 29-70) (capitalization omitted)—were dismissed by the District Court, *see Quanta Specialty Lines*, 2008 WL 1910503, at *4-6, and ICC does not challenge the dismissal of those claims in this appeal. The remaining counterclaims are functionally equivalent to Quanta's claims because they each seek to hold Quanta responsible for indemnification and defense in connection with the relevant arbitrations. *See* J.A. 65-67 (ICC's Answer ¶¶ 71-84) (seeking a "declaratory judgment," "specific performance," and "breach of contract" premised on Quanta's failure to indemnify and defend under the policy).

the District Court's December 17, 2009 order and opinion: a ruling that Quanta is *not* required to indemnify and defend ICC.

## CONCLUSION

For the foregoing reasons, the December 17, 2009 order of the District Court is **AFFIRMED**. ICC's challenge to the District Court's order of April 20, 2008, denying ICC's motion for leave to amend its answer is **DISMISSED** for lack of subject matter jurisdiction.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court