10-1506-pr
Candelaria v. Baker

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of March, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> *Circuit Judges.*[*]

———————————————————————————

Juan Candelaria,

> *Plaintiff-Appellant*,

> v.                                        10-1506-pr

R. Baker, Sergeant J. Perry, Lane E. Eck, New York State Department of Correctional Services, C. Pinker, Nancy O'Connor, RN, Arnot Ogden Medical Center, Erickson, individually and in his capacity as a Registered Nurse employed by the New York State Department of Correctional Services ("DOCS"), MD Gita Ramaswamy, individually and in her capacity as Director of the St. Agnes Hospital, Dana M. Smith, Clavin E. West, Floyd G. Bennett, Jr., Luciente J. LeClaire, Jr., Kathy Crippen, Timothy Doty, Sulivan, C. Johnson, A. Tweat, E. Schnautz, Morgan, N.Y.S. Legislative Counsel,

> *Defendants*,

————————————

[*] The Honorable Roger J. Miner, originally a member of the panel, died on February 18, 2012. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

and

St. Agnes Hospital, individually and in its capacity as a private entity,

        *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:        Juan Candelaria, *pro se*, Stormville, NY.

FOR DEFENDANT-APPELLEE:        Milan P. Spisek, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Juan Candelaria, proceeding *pro se*, appeals from the district court's judgment granting the defendant-appellee's motion for summary judgment and dismissing his amended complaint.  Candelaria sued pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his health in violation of the Eighth Amendment.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]e construe notices of appeal liberally, taking the parties' intentions into account," *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995), especially with respect to *pro se* litigants, *see Phelps v. Kapnolas*, 123 F.3d 91, 93 (2d Cir. 1997).  However, because a notice of appeal must "designate the judgment, order, or part thereof being appealed" pursuant to Fed. R. App. P. 3(c)(1)(B), our jurisdiction "depends on whether the intent to appeal from [the] decision [at issue] is clear on the face of, or can be inferred from, the notices of appeal."  *New Phone Co.*

*v. City of N.Y.*, 498 F.3d 127, 131 (2d Cir. 2007); *see also Shrader*, 70 F.3d at 256 (stating that, where a notice of appeal "fail[s] to mention" a specific order, we are "bar[red] from considering" an appellate challenge to that order). The requirements set forth in Fed. R. App. P. 3 and 4 are jurisdictional in nature, and, as a result, cannot be waived. *See Bowles v. Russell*, 551 U.S. 205, 208–09 (2007) (regarding Rule 4); *City of N.Y. v. Smokes–Spirits.com, Inc.*, 541 F.3d 425, 452 (2d Cir. 2008) (regarding Rule 3), *overruled on other grounds by Hemi Group, LLC v. City of N.Y.*, 130 S. Ct. 983, 994 (2010).

Here, Candelaria's brief challenges both the district court's June 2005 order granting defendant Gita Ramaswamy's summary judgment motion, and its March 2010 order granting defendant St. Agnes Hospital's summary judgment motion. His notice of appeal, which was filed by counsel, contained no reference to either the June 2005 order or the March 30, 2010 final judgment, stating only as follows: "[n]otice is hereby given that Mr. Juan Candelaria . . . hereby appeals . . . from the entire Memorandum Opinion and Order granting Defendant's motion for summary judgment . . . entered in this action on the 29th Day of March, 2010 and annexed hereto." There is simply no information in Candelaria's notice of appeal that would permit an inference that he intended to appeal the June 2005 order granting Ramaswamy's summary judgment motion. *See New Phone*, 498 F.3d at 131. Accordingly, we lack the authority to consider Candelaria's arguments challenging that order.

With respect to Candelaria's appeal from the March 29, 2010 order granting St. Agnes Hospital's summary judgment motion, we review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v.*

*Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).  In determining whether there are genuine issues of material fact, we are "'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ. in City of N.Y.*, 131 F.3d 305, 312 (2d Cir. 1997)).  Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Additionally, because Candelaria appears *pro se*, we are obligated to read his submissions with "special solicitude," interpreting them to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).

We have conducted a *de novo* review of the record in light of these principles.  We affirm for substantially the same reasons as those stated by the district court in its March 29, 2010 opinion and order.  The district court correctly concluded that the undisputed evidence precludes a finding that the defendant's agents acted with the requisite culpable state of mind in treating Candelaria's kidney disease.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Hernandez v. Keane*, 341 F.3d 137, 146-47 (2d Cir. 2003); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).  On appeal, Candelaria does not identify sufficient evidence to raise a genuine issue of fact as to whether the defendant's agents acted with deliberate indifference.

We have considered all of Candelaria's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
