Rosendale v. Mahoney

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of September, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> GUIDO CALABRESI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

Donald P. Rosendale,

> *Plaintiff-Appellant,*

> v.                                             11-3053

W. Michael Mahoney, individually
and as superintendent of the
Millbrook, N.Y. School District,
Millbrook Central School District,

> *Defendants-Appellees,*

Office of School Personnel Review and
Accountability of the State Education
Department,

> *Defendant.*

_____

**FOR PLAINTIFF-APPELLANT:**     Donald P. Rosendale, *pro se*, Amenia, NY.

**FOR DEFENDANTS-APPELLEES:**     Mark Craig Rushfield, Shaw, Perelson, May & Lambert LLP, Poughkeepsie, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that (1) the judgment of the district court be **AFFIRMED**, and (2) Plaintiff-Appellant's appeal be **DISMISSED** insofar as it seeks review of the district court's order denying reconsideration of Plaintiff-Appellant's First Amendment retaliation claim.

Plaintiff-Appellant Donald P. Rosendale, *pro se*, appeals from a judgment granting summary judgment for Defendants-Appellees on his claim, brought pursuant to 42 U.S.C. § 1983, that he was terminated without due process from his position as a *per diem* substitute teacher. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff &*

2

*Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).  In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).  We review for abuse of discretion a district court's denial of a motion for reconsideration.  *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (per curiam).

Rosendale's notice of appeal lists only the June 3, 2011 order denying his motion for reconsideration; but it recites his intention to appeal from the order "confirming a Magistrate's [sic]."  Since the order confirming the magistrate judge's report was issued in April 2011--not in June 2011--we construe Rosendale's notice to appeal both the April 2011 and June 2011 orders.  *See Shrader v. CSX Trans., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) ("[W]e construe notices of appeal liberally, taking the parties' intentions into account.").  However, this Court lacks jurisdiction to consider Rosendale's argument on appeal that the district court erred (in its February 2009 order) in failing to reinstate his First Amendment retaliation claim because Rosendale did not identify the February 2009 order in his notice of appeal.  *See* Fed. R. App. P. 3(c)(1)(B); *New Phone Co. v. City of New York*, 498 F.3d 127, 130-31 (2d Cir. 2007) (per curiam).

3

An independent review of the record and the relevant case law confirms that the district court properly granted summary judgment for the Defendants-Appellees on Rosendale's procedural due process claim and denied Rosendale's motion for reconsideration. As the district court concluded, New York law conferred on Rosendale no protected property interest in his employment as a *per diem* substitute teacher. The form letter provided to him by the Defendants-Appellees--which notified him of his wage, the procedure for placement on the "Substitute Calling Service" list, and the grounds for automatic removal from that list--was not a contract. Therefore, Rosendale was an at-will employee. *See In re Bonnie L. Barkley*, Decision No. 14, 912, 2003 N.Y. Educ. Dept. LEXIS 177, at *6 (N.Y. Educ. Dep't July 28, 2003); *In re Barbara Martin*, Decision No. 11,484, 25 Educ. Dep't Rep. 21 , 22 (N.Y. Educ. Dep't July 12, 1985). As the district court further concluded, the oral assurances allegedly given to Rosendale--that (*inter alia*) he "would always have a home in the school"--did not give rise to a contractual relationship that would alter Rosendale's at-will employment status. *See Cucchi v. N.Y. City Off-Track Betting Corp.*, 818 F.Supp. 647, 652 (S.D.N.Y. 1993) (collecting New York cases and concluding that "an employer's oral assurances that induce a person to work for the employer are not by themselves sufficient evidence of an express agreement to alter the [employee's] at-will status.").

4

We have considered Rosendale's other arguments on appeal and find them to be without merit. Accordingly, (1) the judgment of the district court is **AFFIRMED**, and (2) Plaintiff-Appellant's appeal is **DISMISSED** insofar as it seeks review of the district court's order denying reconsideration of Plaintiff-Appellant's First Amendment retaliation claim.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk