12-2490-bk
Bugnacki v. Rzasa

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand thirteen.

PRESENT:   REENA RAGGI,
           PETER W. HALL,
           DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

------------------------------------------------------------------------

IN RE: GAIL K. BUGNACKI,
                *Debtor*.

------------------------------------------------------------------------

GAIL K. BUGNACKI,
                *Appellant*,

                v.                                No. 12-2490-bk

CAROL M. RZASA, as Executrix of the Estate of Irene
V. Kozlowski,
                *Appellee*.

------------------------------------------------------------------------

APPEARING FOR APPELLANT:        JAMES H. LEE, Esq., Fairfield, Connecticut.

APPEARING FOR APPELLEE:         PATRICK M. FAHEY, Shipman & Goodwin
                                LLP, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Warren W. Eginton, *Judge*; Albert S. Dabrowski, *Bankruptcy Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal of the judgment entered on February 28, 2012, is DISMISSED for lack of jurisdiction.

Chapter 7 debtor Gail K. Bugnacki seeks to overturn a bankruptcy court order confirming the nondischargeability of a Connecticut fraud judgment in the amount of $1,029,346.13, entered against Bugnacki in favor of her sister, appellee Carol Rzasa, as executor of the estate of the women's deceased mother. See In re Bugnacki, 439 B.R. 12, 25–28 (Bankr. D. Conn. 2010) (citing 11 U.S.C. § 523(a)). Bugnacki did not file a timely notice of appeal with the bankruptcy court, however, and that court denied her an extension of time for lack of excusable neglect. See Fed. R. Bankr. P. 8002(a), (c)(2). In seeking district court review of the extension denial, Bugnacki failed to file the required record designations and statement of appellate issues, prompting the district court to dismiss her appeal. See id. 8001(a), 8006. We would normally review such a dismissal for abuse of discretion. See Lynch v. United States (In re Lynch), 430 F.3d 600, 603 (2d Cir. 2005). Rzasa contends that we lack jurisdiction, however, because Bugnacki failed to file a proper notice of appeal to this court. We agree and, therefore, dismiss the appeal.

"'[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.'" American Safety Indem. Co. v. Official Comm. of Unsecured Creditors (In re Am. Safety Indem. Co.), 502 F.3d 70, 72 (2d Cir. 2007) (alteration in original) (quoting

2

Bowles v. Russell, 551 U.S. 205, 214 (2007)); see Fed. R. App. P. 4(a)(1)(A) (requiring that notice of appeal in civil case be filed "within 30 days after entry of the judgment or order appealed from"). "The notice of appeal must: (A) specify the party or parties taking the appeal . . . ; (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." Fed. R. App. P. 3(c)(1). The goal of these requirements is reasonable notice to the appellee: "If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." Smith v. Barry, 502 U.S. 244, 248–49 (1992); see also Fed. R. App. P. 3(c)(4) ("An appeal must not be dismissed for informality of form or title of the notice of appeal . . . ."); Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988) (requiring only that "litigant's action [be] the functional equivalent of what the rule requires"). "Although courts should construe Rule 3 liberally when determining whether it has been complied with, noncompliance is fatal to an appeal." Smith v. Barry, 502 U.S. at 248.

Here, it is undisputed that the 30-day period in which to appeal began on May 21, 2012, when the district court denied Bugnacki's motion to reconsider its dismissal based on her failure to perfect her appeal. See Fed. R. App. P. 6(b)(2)(A). Thus, the deadline to appeal was June 20, 2012. On that date, Bugnacki filed with the district court an unsigned copy of the same notice of appeal she had filed initially with the bankruptcy court, stating that Bugnacki "appeal[ed] pursuant to 28 U.S.C. § 158(a) or (b) from the order of the bankruptcy judge denying her request for extension of time to appeal a judgment of non-dischargeability, filed on April 25, 2011 and entered on April 26, 2011." Notice of

3

Appeal, J.A. 57. Conceding that this notice fails to satisfy two of the three listed Rule 3 criteria, see Fed. R. App. P. 3(c)(1)(B) (judgment or order from which appeal is sought); id. 3(c)(1)(C) (court in which review is sought), Bugnacki nevertheless offers several reasons why we should hold that the notice is the "functional equivalent of what the rule requires," Torres v. Oakland Scavenger Co., 487 U.S. at 317. None is persuasive.

Bugnacki primarily contends that, in light of all the circumstances, the June 20 notice permits no genuine doubt about her intent to seek review in this court of the district court's dismissal of her appeal. But the key circumstance to examine is the notice of appeal itself, the text of which guides our inquiry. See New Phone Co. v. City of New York, 498 F.3d 127, 130 (2d Cir. 2007) ("[O]ur jurisdiction is limited by the wording of the notice."); see also Smith v. Barry, 502 U.S. at 248 ("[T]he notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal."). Generously construed, that document does not reasonably evince an intent to appeal from a judgment or other decision of the district court. See 28 U.S.C. § 158(d)(1). Rather, it lists two bankruptcy court orders, along with the statutory subsection authorizing their appeal to the district court. See 28 U.S.C. § 158(a). The notice's lack of reference or even allusion to the district court ruling Bugnacki seeks to challenge means her appeal from that ruling cannot proceed. See New Phone Co. v. City of New York, 498 F.3d at 130–31 (dismissing appeal from filing injunction not mentioned in notice of appeal, while confirming our own lack of "authority to waive [Rule 3(c)'s] jurisdictional requirements"); Shrader v. CSX Transp., Inc., 70 F.3d 255, 256 (2d Cir. 1995) (holding that failure of notice of appeal to

4

mention first of two related district court orders issued week apart barred consideration of claims decided in earlier order).[1]

Insofar as Bugnacki relies on the "extensive motion practice after June 20, 2012," to demonstrate Rzasa's understanding of the intent behind the subject notice, Appellant's Reply Br. 9, neither that litigation nor Rzasa's failure "to move to dismiss the appeal" for lack of jurisdiction, id. at 1, releases Bugnacki from her obligation to comply with Rule 3(c). See New Phone Co. v. City of New York, 498 F.3d at 131 (observing that basing jurisdiction on litigation behavior following defective notice improperly "suggests that an appellee may waive the jurisdictional defects in the notice of appeal").

Finally, the corrected notice filed on June 22, 2012, two days after the deadline for an appeal, is a legal nullity. Apart from notice content requirements, the 30-day "time limit is also jurisdictional in civil cases, and [Bugnacki]'s failure to abide by it or to seek an extension renders h[er] belated filing inoperative." M.E.S., Inc. v. Snell, 712 F.3d 666, No. 12-1657-cv, slip. op. at 3 (2d Cir. Mar. 19, 2013) (citations omitted) (disregarding

_____

[1] We need not here consider or decide whether Bugnacki's notice of appeal would suffice if, for example, the identified bankruptcy court orders were properly the subject of independent review in this court. See, e.g., ReGen Capital I, Inc. v. Halperin (In re U.S. Wireless Data, Inc.), 547 F.3d 484, 492 (2d Cir. 2008) (noting our independent review of bankruptcy orders under same standards of review applied by district court). That is not this case. Bugnacki argues abuse of discretion in the district court's dismissal of her appeal for her failure to submit, inter alia, bankruptcy record designations "[w]ithin 14 days after filing the notice of appeal," Fed. R. Bankr. P. 8006, an argument inapplicable to the bankruptcy court's refusal to allow the untimely filing of a separate notice of appeal, see Notice of Appeal, J.A. 57 (referencing "order of the bankruptcy judge denying [Bugnacki's] request for extension of time to appeal a judgment of non-dischargeability").

belated filing of amended notice of appeal under analogous circumstances); see also Gusler v. City of Long Beach, 700 F.3d 646, 650 (2d Cir. 2012) (holding that amended notice "filed after the time to appeal had run" failed to "fix the problem" with preceding, timely notice). To the extent Bugnacki argues that her correct, tardily filed notice was created before the time to appeal had elapsed, but that her counsel uploaded the wrong document to the district court docket, she appears to seek an equitable exception to the jurisdictional filing requirement, which Supreme Court precedent precludes. See Bowles v. Russell, 551 U.S. at 214 (stating that courts lack "authority to create equitable exceptions to jurisdictional requirements"); In re Am. Safety Indem. Co., 502 F.3d at 73. In any event, such neglect, were it cognizable, would not be excusable. Cf. Communications Network Int'l, Ltd. v. MCI WorldCom Commc'ns, Inc. (In re WorldCom, Inc.), 708 F.3d 327, 340 (2d Cir. 2013) (holding that counsel's failure to update email address for electronic filing notifications did not excuse noncompliance with time limit in Fed. R. Civ. P. 4(a), despite counsel's undisputed ignorance of entry of challenged judgment).

The appeal is DISMISSED for lack of jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6