14-1125-cv
Bermudez v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand fifteen.

PRESENT:
> **GUIDO CALABRESI,**
> **PETER W. HALL,**
> > *Circuit Judges,*
> **JED S. RAKOFF,\***
> > *District Judge.*

---

Fernando Bermudez,

*Plaintiff-Appellant,*

v.                                              Docket No.    14-1125

City of New York, Michael Lentini, William Fitzpatrick, Daniel Massanova, John Mulalley, Baker, (First name unknown), Mulcahy, (First name unknown), Various John Does, Who are or were offices of the New York City Police Department, individually & in their official capacity, Various Jane Does, Who are or were Offices of the New York City Police Department, individually,

*Defendants-Appellees,*

Robert M. Morgenthau, individually & in his official capacity as former District Attorney of New York County, Nancy Ryan, individually & in her official capacity as Assistant Attorneys of New York County, James Rodriguez, individually & in his official capacity as Assistant Attorneys of New York County, Robin McCabe, individually & in their official capacity as Assistant Attorneys of New York County, Mary C. Farrington, individually & in their official capacity, Hilary Hassler,

---

\* Hon. Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

individually & in their official capacity as Assistant Attorneys of New York County, Herculano Izquierdo, individually & in their official capacity as Assistant Attorneys of New York County,

*Defendants.*

FOR PLAINTIFF-APPELLANT: Brian J. Isaac, Pollack, Pollack, Isaac, & De Cicco, LLP, New York, NY

FOR DEFENDANT: Patricia A. Bailey, New York County District Attorney's Office, New York, NY

FOR DEFENDANTS-APPELLEES: Karen Griffin, New York City Law Department, New York, NY

Appeal from an order granting summary judgment in favor of defendants-appellees and putative appeal from an order dismissing the complaint as to defendant James Rodriguez in the United States District Court for the Southern District of New York (Preska, *C.J.*). We consider here only the issue of whether this court has jurisdiction to consider an appeal from the September 29, 2012 order dismissing all claims against defendant Rodriguez.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that plaintiff's challenges to the district court's order issued on September 29, 2012, granting defendant Rodriguez's motion to dismiss, are **DISMISSED** for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts and procedural history of the case.

"Federal Rule of Appellate Procedure 3(c)(1)(B) provides that a notice of appeal 'must . . . designate the judgment, order, or part thereof being appealed.' This requirement is 'jurisdictional in nature.'" *Swatch Grp. Mgmt. Servcs. Ltd. v. Bloomberg, L.P.*, 756 F.3d 73, 93 (2d Cir. 2014) (quoting *Gonzalez v. Thaler*, 132 S. Ct. 641, 652 (2012)). This court's jurisdiction to review an order of the district court "is limited by the wording of the notice" of appeal. *New Phone Co., Inc. v. City of New York*, 498 F.3d 127, 130 (2d Cir. 2007). "While 'we construe notices of appeal

2

liberally, taking the parties' intentions into account,'" *Swatch Grp.*, 756 F.3d at 93 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995)), "jurisdiction . . . depends on whether the intent to appeal from that decision is clear on the face of, or can be inferred from, the notice[] of appeal," *New Phone Co.*, 498 F.3d at 131. Where the intent to appeal cannot be inferred from the notice of appeal or its accompanying documents, the court will lack jurisdiction over the challenged order. *Id.* at 130 (citing *Shrader*, 70 F.3d at 256); *cf. Mir v. Shah*, 569 Fed. App'x 48, 49 n.2 (2d Cir. 2014) (summary order) ("[A]lthough Mir's notice of appeal designates only the order denying reconsideration, his supporting papers attached to his notice address the district court's entire dismissal. Construing his notice of appeal liberally, we conclude that Mir intended to appeal from both orders.").

Although plaintiff argues in his opening brief that the September 29, 2012 order dismissing the claims against defendant Rodriguez was improper, he failed to identify that order in his notice of appeal or any of the accompanying paperwork. The notice identifies, as the order being appealed from, only "the Order of the Honorable Loretta A. Preska, entered on March 28, 2014, that granted Defendants' motion for summary judgment." Notice of Appeal, A1631. Because we cannot infer from the notice or its accompanying papers that the September 29, 2012 order was intended to be challenged on appeal, "we are 'bar[red] from considering' an appellate challenge to that order." *Quanta Specialty Lines Ins. Co. v. Investors Capital Corp.*, 403 Fed. App'x 530, 532 (2d Cir. 2010) (summary order) (quoting *Shrader*, 70 F.3d at 256); *In re Bugnacki*, 528 Fed. App'x 30, 32 (2d Cir. 2013) (summary order) ("The notice's lack of reference or even allusion to the district court ruling Bugnacki seeks to challenge means her appeal from that ruling cannot proceed."); *see also Rosendale v. Mahoney*, 496 Fed. App'x 120, 121 (2d Cir. 2012) (summary

3

order); *Candelaria v. Baker*, 464 Fed. App'x 21, 22 (2d Cir. 2012) (summary order); *Austin v. Fischer*, 453 Fed. App'x 80, 82 (2d Cir. 2011) (summary order).

We find the parties' remaining arguments related to the jurisdictional question we address here to be without merit. The remaining issues related to plaintiff's challenge to the district court's March 28, 2014 order, granting summary judgment in favor of defendants-appellees, will be resolved by a separate opinion to issue in due course.

Accordingly, we **DISMISS** that portion of plaintiff's appeal challenging the order of the district court issued on September 29, 2012.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4