**KOLEL BETH YECHIEL MECHIL OF TARTIKOV, INC. Plaintiff,**

v.

**YLL IRREVOCABLE TRUST, et al., Defendants.**

No. 11 Civ. 7707.

United States District Court, S.D. New York.

July 27, 2012.

Ira S. Lipsius, Lipsius-Benhaim Law, LLP, New York, NY, for Plaintiff.

Stephen R. Stern, Mark W. Geisler, Hoffinger Stern & Ross LLP, New York, NY, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Defendants/cross-plaintiffs YLL Irrevocable Trust ("YLL") and Kochav S.A.R.L. ("Kochav," together with YLL, the "Trust Defendants") move for reconsideration of the Court's Decision and Order dated July 11, 2012, *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, No. 11 Civ. 7707, 878 F.Supp.2d 459, 2012 WL 2900593 (S.D.N.Y. July 11, 2012), denying the Trust Defendants' request for vacatur of an arbitration award (the "Award") and granting confirmation of the Award. The Court assumes familiarity with the facts, as detailed in *Kolel*, 878 F.Supp.2d at 461–66, 2012 WL 2900593, at *1–*4.

Upon review of the record of this action, including the Trust Defendants' motion for reconsideration and supporting documents, the Court denies the motion. The Trust Defendants argue that they have uncovered new evidence—specifically, the declarations of several third parties—that fraud and corruption tainted the arbitration. However, as described by the Trust Defendants, most of these declarations are regarding disputes and matters not currently before the Court. One declarant claims to have knowledge of the relationship between non-party Zisha Gleb and defendant Shlomo Zalman Kaufman. However, once again, the Court is not persuaded that this amounts to direct and definite evidence of bias sufficient to meet the high standard necessary to vacate an arbitral award, let alone to reconsider the Court's prior Decision and Order. The Court finds that the Trust Defendants have not presented any new facts or controlling law that the Court overlooked which might reasonably be expected to alter the Court's Decision Order. *See* Local Civil Rule 6.3; *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992).

Accordingly, the Court DENIES the Trust Defendants' motion for reconsideration (Docket No. 79).

**SO ORDERED.**