09-4490-cv
*Rost v. Pfizer*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of November, two thousand and ten.

PRESENT: BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges.*

BARBARA S. JONES,
*District Judge.*[*]

---

PETER ROST,

*Plaintiff-Appellant,*

-v.-                                          09-4490-cv

PFIZER, INC., PHARMACIA, INC., MARIE CAROLINE SAINPY,

*Defendants-Appellees,*

KAREN KATEN, JERFFERY KINDLER, HENRY McKINNELL,

*Defendants.*

---

[*] The Honorable Barbara S. Jones, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:      KEVIN MINTZER, Law Office of Kevin
                    Mintzer, P.C., New York, NY.

FOR APPELLEES:      JOHN HOUSTON POPE, (Michael A. Kalish,
                    Ronald M. Green, *on the brief*), Epstein
                    Becker & Green, P.C., New York, NY.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED in part and REVERSED and REMANDED in part.**

Peter Rost ("Appellant") appeals from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*) entered on September 24, 2009, granting summary judgment on all claims to Defendants-Appellees Pfizer, Inc., Pharmacia, Inc., and Marie Caroline Sainpy.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a grant of summary judgment *de novo*.  *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is proper if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).

2

Appellant argues that the district court erred by granting summary judgment to Appellees on his federal False Claims Act ("FCA") claim.  We disagree.  The FCA protects employees who are discriminated against "because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under [the FCA], including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under" the FCA. 31 U.S.C. § 3730(h).  Here, Appellant presents no evidence that he took any action relevant under the FCA until he filed his *qui tam* action in June 2003.  For substantially the reasons set forth by the district court, Appellant has failed to establish a *prima facie* case that the adverse employment actions taken against him were causally connected to his *qui tam* action.  Accordingly, the district court properly granted summary judgment to Appellees on Appellant's FCA claim.

Appellant also argues that the district court erred by granting summary judgment to Appellees on his claims under the New Jersey Conscientious Employee Protection Act ("CEPA") and New Jersey common law.  The district court apparently misunderstood the scope of CEPA; it examined

3

whether Appellant made disclosures to "a supervisory or public body." *Rost v. Pfizer, Inc.*, 2009 WL 3097231, at *4 (S.D.N.Y. Sept. 29, 2009).  In fact, CEPA protects employees who disclose information "to a supervisor or to a  public body."  N.J.S.A. 34:19-3(a).  Because Appellant alleges that he made disclosures to Sainpy and other supervisors within Pfizer, New Jersey law may recognize that Appellant engaged in protected activity beginning in Fall 2002 or Spring 2003.  We express no view on whether summary judgment is appropriate on Appellant's New Jersey state law claims at this time.  Instead, we reverse summary judgment on the state law claims and remand to allow the district court to revisit whether Rost has raised a genuine issue of material fact on those claims.  At oral argument, the parties agreed that the only basis for federal jurisdiction in this case is federal question jurisdiction, and not diversity jurisdiction. Thus, the district court may also consider whether to decline to exercise supplemental jurisdiction over the pendent state law claims so that they may be brought in New Jersey state court.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED in part** as to Appellant's FCA claim

4

and **REVERSED and REMANDED in part** as to Appellant's New Jersey state law claims.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk