11-2372-cv
*Rost v. Pfizer Inc., et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of November, two thousand twelve.

PRESENT: RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges,*
DAVID G. LARIMER,*
*District Judge.*

_____

Peter Rost,

*Plaintiff-Appellee,*

v.                              11-2372-cv

Pfizer Inc., Pharmacia, Inc., and Marie Caroline Sainpy,

*Defendants-Appellants.*

_____

FOR APPELLANT:       JOHN HOUSTON POPE (Ronald M Green, Michael A. Kalish, *on the brief*), Epstein Becker & Green, P.C., New York, NY.

_____

* The Honorable David G. Larimer, of the United States District Court for the Western District of New York, sitting by designation.

FOR APPELLEE:        MARK D. LURIE, Lurie Law Firm LLC, Montclair, NJ.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment and order of the United States District Court for the Southern District of New York is **AFFIRMED.**

Defendants-Appellants Pfizer Inc., Pharmacia, Inc., and Marie Caroline Sainpy (collectively, "Appellants") appeal from the February 2, 2011 judgment and the May 10, 2011 order of the United States District Court for the Southern District of New York (Daniels, *J.*) dismissing Appellees' state claims without prejudice and then denying Appellants' motion to vacate or amend that dismissal to restore the case to the docket pursuant to Fed. R. Civ. P. 59(e) and 60(b)(6). The panel has reviewed the briefs and the record in this appeal and agrees unanimously that oral argument is unnecessary because "the facts and legal arguments [have been] adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2)(c). We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

On September 24, 2009, the district court granted summary judgment for Appellants on a federal claim and two

2

state claims.  Plaintiff-Appellee Peter Rost ("Rost") appealed to this Court.  We affirmed the district court's summary judgment on the federal claim and, without commenting on the merits, remanded the state claims for the district court to "revisit whether Rost has raised a genuine issue of material fact on those claims."  *Rost v. Pfizer, Inc.*, 400 F. App'x 602, 603 (2d Cir. 2010). Because the federal claim was the only basis for federal jurisdiction, as confirmed by the parties at oral argument, we invited the district court to consider whether to decline to exercise supplemental jurisdiction.  *Id.* at 603-04.  The district court accepted that invitation and entered a mandate dismissing the state claims without prejudice.

"This Court reviews a district court's denial of a Federal Rule of Civil Procedure 60(b) motion for reconsideration for an abuse of discretion.  The denial of a motion to amend a judgment under Federal Rule of Civil Procedure 59 will not be overturned on appeal absent an abuse of discretion."  *Harris v. Kuhlmann*, 346 F.3d 330, 348 (2d Cir. 2003)(internal quotation marks and citations omitted).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

3

Here, Appellants argue that the district court erred in denying the motion for reconsideration because it was required to grant their motion to dismiss the non-diverse defendant Pharmacia, Inc. ("Pharmacia"), pursuant to Rule 21 of the Federal Rules of Civil Procedure, and thereby maintain federal jurisdiction.  Appellants cite two cases in which we either affirmed the district court's dismissal of a non-diverse defendant at the defendant's request, *see Call Center Techs., Inc. v. Grand Adventures Tour and Travel Pub'g Corp.*, 635 F.3d 48, 51 (2d Cir. 2011), or granted such a request ourselves on appeal, *see Turtur v. Rothschild Registry Int'l, Inc.*, 26 F.3d 304, 307-09 (2d Cir. 1994). In neither case, however, did we suggest it would have been an abuse of discretion for the district court to deny the defendant's request.

Furthermore, in both cases, dismissing the non-diverse party preserved a final judgment in favor of the remaining defendants and prevented repetitive litigation.  *See Call Center Techs., Inc*, 635 F.3d at 51; *Turtur*, 26 F.3d at 309. In contrast, dismissing Pharmacia here would have reopened this case and led to two parallel litigations: one in federal court against the diverse defendants and one in state court against Pharmacia.  Under these circumstances, it was not an abuse of discretion for the district court to deny the motion to dismiss the claims against Pharmacia and dismiss the case for lack of jurisdiction.  Appellants'

4

arguments that Appellee would not separately pursue his claims against Pharmacia because it is now a wholly-owned subsidiary of defendant Pfizer, Inc., are unpersuasive. Appellee has pursued his claims against Pharmacia from the outset of this litigation and has shown no inclination to voluntarily dismiss them. He has even included them in a now pending New Jersey state court action.  We further note that the District of New Jersey rejected Appellants' arguments that Pharmacia was fraudulently joined in that action to avoid federal jurisdiction. *See Rost v. Pfizer*, *Inc.*, No 11-1383, 2011 WL 5238805, at *3 (D.N.J. Oct. 28, 2011).  For these reasons, we cannot say that the district court abused its discretion in refusing to dismiss Appellee's claims against Pharmacia over his objection and force him to pursue his claims in two different courts.

We have considered Appellants' remaining arguments including their contention that the district court improperly declined to exercise supplemental jurisdiction and, after a thorough review of the record, find them to be without merit.

For the foregoing reasons, the judgment and order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5