12-1061-cv
Young v. County of Nassau

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand thirteen.

PRESENT:   PIERRE N. LEVAL,
             REENA RAGGI,
                        *Circuit Judges*.
             KENNETH M. KARAS,
                        *District Judge*.[*]

------------------------------------------------------------------------
ROBERT YOUNG, STEVEN SCHEIN, MICHAEL O'LEARY, RICHARD FOGELSON, GARY FERRUCCI, JOHN BIRBIGLIA, on behalf of themselves and all others similarly situated,

<em>Plaintiffs-Appellants</em>,

FRED BAURIES, JAMES W. BONISLAWSKI, RONALD E. BURK, GREGORY J. CELENTANO, ROBERT COLASONNO, WILLIAM COMPETIELLO, JOHN CONNOR, JAMES T. CRUICKSHANK, ARTHUR J. D'ALESSANDRO, JON S. DANIEL, FRED EAVARONE, JAMES FUCITO, JOEL R. FUOCO, JEANNE A. GANS, ROBERT H. HILLMAN, ALBERT J. JASKOT, LIEUTENANT, JOHN B. LAVELLE, STEPHEN H. MACAULEY, LOUIS V. MACCIO, JOHN P.

No. 12-1061-cv

------------------------------------------------------------------------

[*] Judge Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

MARSCHHAUSER, WAYNE R. MATHISON, NORMAN MCCLOY, ROBERT JOHN MCDONALD, ALLEN P. MCGOVERN, DONALD F. MESSE, ROBERT L. NASH, SERGIO NICOLICH, KENNETH E. OLSEN, RICHARD F. PITA, WILLIAM F. SCHARP, STEPHEN J. SCHMIDT, ANDREW G. SETHER, DENNIS F. SHARP, SCOTT A. WANLASS, RICHARD ZITO, LAWRENCE FEFFER, WILLIAM GRAY, KATHLEEN LONGO, JEFFREY SCHILLING, EDWARD HARSCH, RICHARD BROCK, PETER HEMSLEY, STEVEN HOLMES, DONALD BITTNER, LEWIS CUNNINGHAM, WALTER ANDERSON, VINCENT QUIGLEY, THOMAS STORZ, MARY ANN HERNON, JOHN DALTON, MICHAEL FLEMING, THOMAS MCLAUGHLIN, CHEROXIE KING, WILLIAM LAMURA, JOHN FALLON, JOHN KING, GREGORY DETWILLER, ANDREW SAWULA, JOHN FREUND, ALL PLAINTIFFS, EDWARD GOLLER, LAUREL TOBIAS, JOSEPH MARINO, THOMAS REILLY, WAYNE LAWRENCE, THOMAS HAYES, ELIZABETH NUGENT, DANIEL MILLER, ANTHONY BONKOWSKI, THOMAS KETELTAS, RONALD RISPOLI, LORETTA BRENNAN, DANIEL URBAN,

*Plaintiffs*,

v.

COUNTY OF NASSAU, PATROLMEN'S BENEVOLENT ASSOCIATION, SUPERIOR OFFICERS' ASSOCIATION, DETECTIVES' ASSOCIATION, INC.,

*Defendants-Appellees*,

NASSAU COUNTY POLICE DEPARTMENT, TOM SUOZZI, individually and in his Official Capacity, DAN MCCRARY, individually and in his Official Capacity,

*Defendants*.

------------------------------------------------------------------------

2

APPEARING FOR APPELLANTS:        ROBERT J. VALLI, JR., Valli Kane & Vagnani, LLP, Garden City, New York.

APPEARING FOR APPELLEES:        SHARON N. BERLIN (Matthew John Mehnert, *on the brief*), Lamb & Barnosky, LLP, Melville, New York, *for Appellee County of Nassau*.

                                SETH H. GREENBERG, Greenberg Burzichelli Greenberg, P.C., Lake Success, New York, *for Appellees Patrolmen's Benevolent Association, Superior Officers' Association, Detective's Association, Inc*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on February 16, 2012, is AFFIRMED.

Plaintiffs, current and former employees of the Nassau County Police Department ("Police Department"), appeal from the denial of their motions (1) to reconsider the dismissal of their class action complaint charging that a termination pay policy imposed in arbitration results in unlawful age discrimination, see 29 U.S.C. § 621, et seq.; N.Y. Exec. Law § 291 et seq.;[1] and (2) for leave to file a second amended complaint ("proposed complaint") as

---

[1] As alleged in the complaint, the newly imposed policy limited reimbursement for "banked" administrative days at two years' salary for all patrolmen, sergeants, and detectives retiring after July 1, 2009. Such "banked" days are comprised of unused and accumulated vacation, sick, personal, and annually awarded bonus days, along with uncompensated overtime and working holidays. As do the parties, we refer to reimbursement for banked days as "termination pay," and we refer to the cap on reimbursement as the "termination pay cap" or simply the "cap."

3

futile. We review the challenged denial of reconsideration for abuse of discretion, see Harris v. Kuhlmann, 346 F.3d 330, 348 (2d Cir. 2003), mindful that the appeal of that denial brings up for our review the underlying dismissal order, see "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 121 (2d Cir. 2008). We review de novo the denial of leave to amend on futility grounds where, as here, the denial is based on a legal interpretation. See Gorman v. Consol. Edison Corp., 488 F.3d 586, 592 (2d Cir. 2007). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated in the district court's well-reasoned opinions.

1.    Reconsideration

Plaintiffs submit that the district court was obliged to reconsider its original judgment of dismissal because, in reaching that decision, it overlooked four critical facts: (1) a statement by Nassau County Labor Relations Director Dan McCray to the press acknowledging that the termination pay cap was intended to prod older, better-paid workers to retire, allowing the Police Department to hire younger, lower-paid workers; (2) statements by certain plaintiffs that they would have continued working but for the challenged pay cap, and that the pay cap violated the Age Discrimination in Employment Act ("ADEA"); (3) losses of $41,000 to $100,000 in earned benefits by workers who did not retire; and (4) evidence that the prospect of comparable benefit losses prompted other workers' retirement. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (stating that

4

reconsideration may be warranted where "moving party can point to . . . data that the court overlooked"). In fact, as the district court persuasively set forth in its memorandum denying reconsideration, it overlooked none of these facts. Rather, it concluded that despite them, plaintiffs' claims failed because they could not show that the challenged policy put them at a disadvantage relative to younger workers.

To be sure, older workers had to make a difficult choice between retiring before the policy took effect, thus avoiding the termination pay cap, or continuing to work and facing the reduction in termination pay that the cap imposed. Younger workers, however, were not afforded even that choice. They were necessarily subject to the cap. Thus, because plaintiffs have failed to demonstrate that the district court overlooked facts "that might reasonably be expected to alter [its] conclusion," id. at 257, they cannot claim abuse of discretion in the denial of reconsideration. We need not further discuss the district court's rationale for dismissing the complaint because we hold that the complaint, even as amended, fails to state a claim for relief.

2. Proposed Complaint

Plaintiffs submit that the district court erred in ruling that it would be futile to allow them to file their proposed second amended complaint, which sought to explain that the challenged policy discriminated against older workers relative to their younger counterparts because only employees over 40 could have accrued enough days to be adversely affected, whereas younger workers allegedly "are not and mathematically cannot be harmed by the

5

new policy should they choose to retire." Compl. ¶ 43, J.A. 997 (emphasis added); <u>see</u> 29 U.S.C. § 631(a) (limiting ADEA protection "to individuals who are at least 40 years of age"). The flaw in this argument, as the district court recognized, is that the pleading nonetheless failed plausibly to allege discrimination between older and younger workers. The latter were plainly subject to the policy and would <u>never</u> have the option of recovering more than the capped amount of termination pay. By contrast, older workers who had accrued more than the capped amount were afforded a limited window within which to collect that full amount by opting to retire, an opportunity not available to their younger counterparts. <u>See generally</u> <u>General Dynamics Land Sys., Inc. v. Cline</u>, 540 U.S. 581, 600 (2004) (holding that ADEA "does not mean to stop an employer from favoring an older employee over a younger one"); <u>Abrahamson v. Bd. of Educ.</u>, 374 F.3d 66, 72 (2d Cir. 2004) (identifying potential age discrimination where older workers are deprived of benefit while younger workers, unlike here, "still have the future option of receiving the benefit"); <u>Henn v. Nat'l Geographic Soc.</u>, 819 F.2d 824, 826 (7th Cir. 1987) ("Provided the employee may decline the offer and keep working under lawful conditions, the offer makes him better off. He has an additional option, one that may be (as it was here) worth a good deal of money.").

Plaintiffs may wish they had yet another option: one that allowed them to keep working <u>and</u> to retain accrued termination benefits in excess of the cap. But they cannot plausibly claim that defendants' failure to afford them that option constitutes age discrimination when no such opportunity was afforded to younger employees.

6

Conceding that this is one way to construe the facts, plaintiffs offer the competing interpretation that older workers in fact were disadvantaged by the cap, in that only employees over age 40 were affected by it—and, indeed, were forced to retire to avoid being penalized by it—whereas younger employees can arrange their affairs to avoid exceeding its limit in the future. Plaintiffs thus argue that the district court impermissibly chose between competing plausible scenarios, a task properly reserved to the factfinder. See Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 184–85 (2d Cir. 2012) ("The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion."). We are not persuaded. Where, as here, the pertinent facts are undisputed, we may answer the "purely legal" question of whether given conduct "violate[s] the ADEA." Johnson v. New York, 49 F.3d 75, 79 (2d Cir. 1995). We hold that the arbitration-imposed pay caps do not, for the reasons already discussed.

To the extent plaintiffs claim that the pay caps create a disparate impact based on the fact that prior notice will give younger workers better opportunity to use their leave time, whereas older employees may have accumulated leave which, because of lack of notice, they are unable to use, the policy is nonetheless lawful under the ADEA because it is "based on reasonable factors other than age," 29 U.S.C. § 623(f)(1), namely the need to save money and the willingness of affected employees to keep working past the policy's effective date, see Smith v. City of Jackson, 544 U.S. 228, 241 (2005) (holding that pay plan that is less generous to older workers than to younger workers was "based on reasonable factors other

7

than age" where based on seniority and rank, as well as need to bring officers' salaries in line with those of surrounding communities).

Accordingly, leave to file the proposed complaint was properly denied.

3.      Remaining Arguments

Because we affirm the judgment against plaintiffs on the merits, we need not reach defendants' other arguments for affirmance, including that the Police Department cannot be held responsible for an arbitration award implemented in accordance with New York State law and that leave to amend should have been denied for reasons of undue delay.

The judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court