12-4629-pr
Murphy v. West, *et al.*,

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand and thirteen.

Present:
>      PIERRE N. LEVAL,
>      PETER W. HALL,
>      RAYMOND J. LOHIER, JR.,
>           *Circuit Judges*,

_____

Thomas Murphy,

>      *Plaintiff-Appellant*,

>      v.                                                          No. 12-4629-pr

Calvin West, as Superintendent of Elmira Correctional Facility
of the New York State Department of Correctional Services, *et al.*,

>      *Defendants–Appellees*.

_____

FOR APPELLANT:          Paul E. Kerson, John F. Duane, Ira R. Greenberg, New York, NY,
                        *for Plaintiff-Appellant*.


FOR APPELLEES:          Bethany A. Davis Noll, Assistant Solicitor General, Barbara D.
                        Underwood, Solicitor General, Andrea Oser, Deputy Solicitor
                        General, New York, NY, *for* Eric T. Schneiderman, Attorney
                        General of New York.

_____

Appeal from a judgment of the United States District Court for the Western District of New York (McAvoy, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Plaintiff-Appellant Thomas Murphy ("Murphy") appeals from the judgment of the district court entered on November 8, 2012, after trial and a jury verdict in defendants' favor on Murphy's claims that defendants violated his civil rights by using excessive force on him and denying him medical care while he was incarcerated. We assume the parties' familiarity with the underlying facts and procedural history of the case.

After filing his notice of appeal from the judgment on November 14, 2012, Murphy moved before the district court under Fed. R. Civ. P. 59 for a new trial and under Fed. R. Civ. P. 65 for a preliminary injunction. The district court denied Murphy's motions by order dated November 26, 2012. Murphy challenges the district court's denial of his Rule 59 and Rule 65 motions and asks this Court to abrogate certain of its precedents.

Pursuant to Fed. R. App. P. 3(c) a notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. (3)(c)(1)(B). This Court's jurisdiction "depends on whether the intent to appeal [the] decision [at issue] is clear on the face of, or can be inferred from, the notices of appeal." *New Phone Co., v. City of New York*, 498 F.3d 127, 131 (2d Cir. 2007); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995) (stating that, where a notice of appeal "fail[s] to mention" a specific order, we are "bar[red] . . . from considering" an appellate challenge to that order). Because the requirements outlined in Fed R. App. P. 3 and 4 are jurisdictional in nature, they cannot be waived. *See City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425, 452 (2d Cir. 2008) ("Rules 3 and 4 are a single

2

jurisdictional threshold and may not be waived."), *overruled on other grounds by Hemi Grp., LLC v. City of New York*, 559 U.S. 1 (2010).

Murphy failed to file a new or amended notice of appeal indicating that he was in fact appealing the district court's post-judgment denial of his motion for a new trial and preliminary injunction entered twelve days after Murphy filed his notice of appeal in this case. This Court thus lacks jurisdiction to review the district court's order denying those motions.

We have considered all of Murphy's remaining arguments and determine them to be without merit;[1] accordingly the appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In addition to seeking review of the district court's post-judgment order, Murphy asks the Court to reconsider its holding in *Webb v. Goord*, 340 F.3d 105 (2d Cir. 2003). We are bound by our ruling in *Webb*, "unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc*." *Nicholas v. Goord*, 430 F.3d 652, 659 (2d Cir. 2005) (internal quotation marks omitted), *cert. denied*, 549 U.S. 953 (2006).