14-221-cv
*Kruger v. Virgin Atl. Airways Ltd.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand fourteen.

PRESENT:

> JOSÉ A. CABRANES,
> ROSEMARY S. POOLER,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LYNNE KRUGER, MAXWELL KRUGER, LAWSON KRUGER, SHELDON KRUGER,

  *Plaintiffs-Appellants,*

    -v.-             No. 14-221-cv

VIRGIN ATLANTIC AIRWAYS LIMITED,

  *Defendant-Appellee.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFFS-APPELLANTS:**   THATCHER A. STONE, Keswick, VA.

**FOR DEFENDANT-APPELLEE:**   CHRISTOPHER CARLSEN, Clyde & Co US LLP, New York, NY.

---

[*] The Clerk of Court is directed to amend the official caption in this case to conform to the caption above.

Appeal from the December 23, 2013, judgment of the United States District Court for the Eastern District of New York (Nicolas G. Garaufis, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs Lynne Kruger, Maxwell Kruger, Lawson Kruger, and Sheldon Kruger (collectively, "the Krugers") appeal from the District Court's order granting summary judgment in favor of Virgin Atlantic Airways Limited ("Virgin" or "VAA"), as well as the District Court's order denying reconsideration of its summary judgment decision.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment de novo, considering whether it properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Further, we review a district court's denial of reconsideration for abuse of discretion. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). A district court abuses its discretion when its decision: (1) rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions. *Id.* "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration should not be granted where "the moving party seeks solely to relitigate an issue already decided." *Id.*

The three primary issues on appeal are (1) whether the Krugers may recover under EU Regulation No. 261/2004 for a cancelled flight; (2) whether the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention") bars Lynne and Sheldon Kruger's tort claims stemming from an allegedly false arrest; and (3) whether Virgin breached its contract with the Krugers.

---

[1] We note that the Krugers' notice of appeal, on its face, challenges only the District Court's December 23, 2013, order denying the Krugers' motion for reconsideration of the District Court's summary judgment decision. Nevertheless, we conclude that we have jurisdiction to review both the District Court's decision granting summary judgment in favor of Virgin as well as its decision denying the Krugers' subsequent motion for reconsideration because "a notice of appeal from denial of a [timely filed] motion to reconsider . . . suffices to bring up for review the underlying order or judgment, at least where the motion renews arguments previously made." *'R' Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121 (2d Cir. 2008).

We have reviewed the record and the parties' arguments on appeal. For the reasons stated in the thorough decisions of the District Court, we **AFFIRM** the judgment of the District Court, dated December 23, 2013.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court