Filed 05/30/24

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 22-CV-04457

---

Edward Spaulding et al v. Aron Shea et al

---

### Ruling on the Spauldings' Motion to Reconsider and to Amend

On February 5, 2024, the Court granted the Sheas' motion for partial summary judgment on the Spauldings' claim of grossly negligent mowing because, in opposition to the motion, the Spauldings, who had the ultimate burden of proof, failed to come forward with evidence demonstrating a triable issue that mowing by the Sheas caused the Spauldings' water line to break. Everyone agreed that the issue of causation required expert support, and the Court ruled in detail that the Spaulding expert's testimony was impermissibly speculative. The Spauldings then filed a motion to reconsider and to amend the complaint to recast the claim of gross negligence as one of ordinary negligence. Their counsel later withdrew, successor counsel eventually appeared, and the parties completed briefing on the motion in earnest.

"The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Latouche v. North Country Union High School Dist.*, 131 F. Supp. 2d 568, 569 (D. Vt. 2001) (*quoting Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*

While the above precedents inform the Court's review, as Rule 54(b) provides, the Court retains extremely broad discretion to reconsider its interlocutory orders. Vt. R. Civ. P. 54(b) (interlocutory orders "subject to revision at any time" prior to entry of final judgment); *see Drumheller,* 185 Vt. at 432. A court should not hesitate to revisit a ruling that has been issued in error. As Justice Jackson famously noted: "I see no reason why I should be consciously wrong today because I was unconsciously wrong yesterday." *Commonwealth of Massachusetts v. United States*, 333 U.S. 611, 639-40 (1948) (Jackson, J., dissenting).

In this instance, the Spauldings have not convinced the Court that its prior Order was erroneous or come forward with any valid basis for reconsideration. They merely relitigate the issue of causation that was fully briefed by the parties in the course of summary judgment proceedings. The Court ruled on that matter in detail, concluding that the Spauldings' expert's testimony was too speculative to demonstrate a triable issue as to causation. The Spauldings disagree with that ruling, but they point out nothing that the Court overlooked in arriving at that conclusion. Their motion to reconsider is denied on that ground.

It is unclear, following the appearance of successor counsel, whether the Spauldings continue to seek to amend the complaint to recast the claim of gross negligence as one of ordinary negligence. If they do, however, that request also is denied. If the Spauldings sought to assert such a claim, they should have done so long before now. More importantly, the fundamental causation defect, as addressed in the summary judgment decision, would have been no different if the claim had been ordinary rather than gross negligence. The standard of causation is the same. Under such

circumstances, the amendment would be denied as futile. *See Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313 (1982) (amendment may be denied if it (1) would result in undue delay; (2) is brought in bad faith; (3) would result in unfair prejudice to the opposing party; or (4) would be futile).

Order

For the foregoing reasons, the Spauldings' motion for reconsideration and to amend is denied.

Electronically signed on Wednesday, May 29, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge